[No. 4933.]

P. W. MULCAHY *v.* L. GLAZIER AND WILLIAM SELIGSBERG.

FINDINGS OF FACT.—The mere fact that in a cause tried by the court without a jury no findings of fact were filed, does not show error, for the findings may have been waived, and if they were not the error must be shown by a bill of exceptions.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The case was tried by the court and judgment was rendered for the plaintiff. No findings of fact were filed, nor

. did the transcript contain any bill of exceptions in relation to the want of findings, nor did it show that they were waived. The appellant brought up the testimony in a statement. The defendant appealed from the judgment rendered on the 16th day of December, 1874, and from an order denying a new trial.

*Jarboe & Harrison,* for the Appellant, cited Code of Civil Procedure, Secs. 632, 633 and 636, and *Kid* v. *Reay* (50 Cal. 61.)

*Quint and Wilson,* for Respondent, cited *Cook* v. *De La Guerra,* 24 Cal. 241; *Buckout* v. *Swift,* 27 Cal. 433; *James* v. *Williams,* 31 Cal. 211, and Secs. 650 and 651 of the Code of Civil Procedure.

By the COURT:

It is a well settled rule that upon appeal taken, error is not to be presumed, but must be affirmatively shown. Where, therefore, as here, a cause is tried by the court without a jury, and the appeal is taken upon the judgment-roll, the mere non-appearance of findings of fact in the roll does not necessarily establish that error was committed. The statute, when its several provisions are considered together, does not absolutely or unconditionally require that findings of fact shall be filed, but only that they must be filed unless waived in some one or more of the three methods therein mentioned. Under the rule of presumption referred to, we cannot presume that no such waiver occurred; the necessary intendment, in support of the judgment, is the other way. A party, therefore, who comes here to say that the court below committed an error in failing to find the facts, must, by bill of exceptions or some other similar and appropriate method, make it affirmatively appear by the record that no waiver of findings had in fact occurred in the court below, otherwise the intendment here must go to support, and not to overthrow, the judgment rendered there. The other points were waived at the argument.

Judgment and order affirmed.

By the Court, on petition for rehearing:

In *Dowd* v. *Clark ante* (p. 362), it was expressly admitted by counsel that findings of fact had not been waived in the court below, and the attention of this court was not addressed to the question of the presumption of waiver. It is now settled that a waiver of findings will be presumed where the failure to waive is not made to appear by bill of exceptions or other appropriate method.

The former opinion will, therefore, stand as the opinion of the court, and rehearing is denied.