GEORGE LOUNT, RESPONDENT, v. LINDA H. LOUNT, APPELLANT.

MERE NON-APPEARANCE OF FINDINGS OF FACT IN THE RECORD ON APPEAL is not sufficient to show that error was committed at the trial.

ERROR WILL NOT BE PRESUMED, but must be affirmatively shown.

APPEAL from the district court of the third judicial district, county of Yavapai. The opinion states the case.

W. S. McPheeters and J. M. & J. W. Robinson, for the appellant.

This is an action brought by the plaintiff to obtain a decree of divorce from the defendant upon the grounds of extreme cruelty, to which the defendant filed her answer,

denying that she was guilty of cruelty towards plaintiff, and at the same time filed her cross-complaint, charging the plaintiff with extreme cruelty and inhuman treatment of defendant.

1. The first question for the consideration of the court is, Does the complaint state facts sufficient to constitute a cause of action in this case, under section 3, subdivision 4, page 325, Compiled Laws of Arizona?

2. What acts constitute grounds sufficient for a decree of divorce under act of February 16, 1871, section 3, subdivision 4, page 325, Compiled Laws of Arizona? Are the acts alleged in plaintiff's complaint sufficient? *Rhame* v. *Rhame,* 16 Am. Dec. 597; *Poor* v. *Poor,* 29 Id. 664; *Gordon* v. *Gordon,* 48 Pa. St. 226.

3. Do the findings of fact warrant a decree of divorce in favor of plaintiff?

The findings of fact must be sufficient to support the judgment. *Hardenberg* v. *Hardenberg,* 54 Cal. 591; *Majors* v. *Cowell,* 51 Id. 478. They must show extreme cruelty as a fact found. The findings in this case do not show that the defendant was guilty of extreme cruelty. *Haskell* v. *Haskell,* 54 Id. 262. They must show actual residence within the jurisdiction of the court for the requisite period required by the statute. *Bennett* v. *Bennett,* 28 Id. 599. They must show that all the allegations in the complaint are sustained by the proofs. *Speegle* v. *Leese,* 51 Id. 415. They must show findings on all the issues, and respond to each. *Phipps* v. *Harlan et al.,* 53 Id. 87; *Baggs* v. *Smith,* Id. 88; *Taylor* v. *Reynolds,* Id. 686; *Paulson* v. *Nunan,* 54 Id. 123; *Byrnes* v. *Claffey,* Id. 155; *Bosquett* v. *Crane et al.,* 51 Id. 505. They must show findings as to affirmative matter of defendant. The court failed to find upon the issues set out in defendant's cross-complaint. *People* v. *Forbes,* 51 Id. 628.

The court failed to find upon any of the issues made by defendant's cross-complaint. *People* v. *Forbes,* 51 Cal. 628.

The decree and judgment are not supported by the pleadings or findings. *Bachman* v. *Sepulveda,* 39 Cal. 688; *Gregory* v. *Nelson,* 41 Id. 278; *Morenhaut et al.* v. *Wilson et al.,* 52 Id. 263.

*Charles B. Rush,* for the respondent.

Extreme cruelty may consist in the infliction of grievous mental suffering, and such cruelty so exercised is a sufficient ground for divorce under the statutes of Arizona. Comp. Laws, p. 325, sec. 3, subd. 4; Bish. Mar. & Div., secs. 724 et seq., and 733 et seq.

By Court, PINNEY, J.:

In this case a complaint was filed by respondent, charging defendant with extreme cruelty. And in the answer of appellant a cross-complaint is filed charging complainant with extreme cruelty. Both complainant and defendant ask for a divorce. Decree was granted by the court below in favor of respondent, and the case is brought to this court on appeal. And among the points urged in the brief of counsel for appellant as grounds for a reversal are: 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. What acts constitute grounds sufficient for a divorce under the laws of this territory, and is this a case of that character; 3. That the court failed to find upon the issue raised by the cross-complaint. Chap. 31, laws of 1871. Section 3 of the statutes contains seven subdivisions or causes for which a divorce may be granted. The fourth subdivision provides: "For extreme cruelty in either party by inflicting upon the other grievous mental or bodily suffering and other causes. The seventh subdivision provides: "And whereas, in the developments of future events, cases may be presented before the courts falling substantially within the meaning of the law as herein stated, yet not within its terms, it is enacted whenever the judge who hears a case for divorce deems the case to be within the reason of the law, within the general mischief the law is intended to remedy, or within what it may be presumed would have been provided against by the legislature, establishing the foregoing causes of divorce had it foreseen the specific case and found language to meet it without including cases not within the same, he shall grant a divorce." The authorities cited from the decisions of Pennsylvania and other states, as to what acts are sufficient to constitute grounds for a divorce, can not apply under our statute.

The seventh subdivision is certainly very broad and lib-

eral indeed.   Arizona may well boast of supporting the most liberal divorce law of any state or territory on the continent.   But outside of this provision the bill of complaint states what the acts of cruelty consist of, and states facts sufficient to constitute a cause of action under the fourth subdivision.   Counsel insist that the court below did not find upon all the issues raised by the pleading. Even if that were necessary, the evidence not being in the record, it is impossible for this court to determine whether the findings are in accordance with the proofs or not.   For aught that appears in the record, no proofs whatever were introduced in support of the cross-complaint.   Error will not be presumed, but must be affirmatively shown.   Where a case is tried and an appeal taken from the judgment roll, the mere non-appearance of findings of facts does not necessarily establish that error was committed.   *Mulcahy* v. *Glazier*, 51 Cal. 626.   It is also claimed by counsel that under the decisions in California, findings must be made on the issue raised by cross-complaint, and *Speegle* v. *Leese*, Id. 415, also *The People* v. *Forbes*, Id. 628, are cited in support thereof.   In the *Speegle* v. *Leese* case, the court say that it is the duty of the court below to find on all the material issues made by the pleadings, whether evidence be introduced or not, and in *People* v. *Forbes*, the court say that as the answer set up new matter, and the court below only found all the facts as stated in the complaint, that was not a disposition of the issues of fact involved in the case. The doctrine thus held is under the present code of civil procedure of that state, and can not be held to apply to cases arising under our statutes.   The earlier decisions of the California courts were to the effect that implied findings would be presumed; it is so held in *Buckout* v. *Swift*, 27 Id. 433.   And the same doctrine has been held in this territory in case of *Federico* v. *Hancock*.   It would be a little less than absurd to hold to the rule that whether evidence was introduced or not in behalf of defendant's allegations, the court should find upon those allegations, and in default thereof the judgment should for that reason be reversed. Possibly that might be well enough as a matter of practice, but we have no statute requiring it to be done, and in the absence of such statutes the doctrine of implied findings will be adhered to.   The judgment and order must be affirmed.