HARRY HAYNES, APPELLANT, v. BOLIVAR ROBERTS
and R. JUDD, RESPONDENTS.

PRACTICE—APPEAL—NO FINDINGS.—WAIVER PRESUMED.—Error is
    not presumed on an appeal, but must be affirmatively shown,
    and when the trial court filed no findings, it will be presumed,
    on appeal, that findings were waived unless the contrary appears
    from the record.

APPEAL from a judgment of the district court of the
third district. The opinion states the facts.

*Messrs. Woods & Hoffman,* for the appellant.

There were no findings of the facts put in issue by the
pleadings in this case. The court never made or filed any
findings of the facts upon which judgment was rendered.

Section 505 of the practice act requires, in trials of is-
sues of fact by the court, that findings of fact and conclu-
sions of law *must* be separately stated, and judgment upon
the decision *must* be entered accordingly. Section 506 of
the same act provides how and when findings of facts are
waived, but in each case such waiver is made a matter of
record. The record in this case discloses no such waiver,
consequently there is nothing to support the judgment,
and it is void: *Reich* v. *Rebellion,* 3 Utah, 254; *Kahn* v.
*Central S. M. Co.,* 102 U. S., 641; *Duff* v. *Fisher,* 15 Cal.,
376.

*Messrs. Williams & Young,* for the respondents.

It is a well settled rule that upon appeal taken, error is
not to be presumed, but must be affirmatively shown:
*Mulcahy* v. *Glazier,* 51 Cal., 626.

The facts (if they be such) that there were no findings,
and that they were *not* waived, must be made to appear
affirmatively by a bill of exceptions, or other appropriate
method, otherwise the presumption is that they were
waived: 51 Cal. *supra*; *Smith* v. *Lawrence,* 53 Cal., 34.

The cases cited by the appellant, it is submitted, do not support his position. The case from 3 Utah, 254, is nearest in point, and it was decided under a statute very different from the one in force at the time of the trial below. Besides, if the statute in force at the time that case was tried was the same, it would seem that it was, both in the argument of counsel and consideration by the court, disposed of, as was the case of *Dowd* v. *Clark*, 51 Cal., 262, cited in the opinion of the court in the case of *Mulcahy* v. *Glazier*, *supra*, in passing upon the petition for rehearing.

The attention of the court was not directed to the question of the presumption of waiver, but on the contrary it appears from the report of the argument that counsel conceded that there were no findings, and contended that none were necessary.

POWERS, J.:

In this case a jury was waived in the court below, and the same was tried on the twenty-fifth of March, 1885, by the court sitting without a jury. Judgment was rendered on the twenty-sixth of March, 1885, in favor of defendants, and against the plaintiff. The only error alleged is that the court never filed any findings of the facts upon which the judgment was rendered. It is a well-settled rule upon an appeal taken that error is not presumed, but must be affirmatively shown. All presumptions are in favor of the proceedings of the lower court, and of the validity of its judgment: *Mulcahy* v. *Glazier*, 51 Cal., 626. If there were no findings, and they were not waived, it should be shown affirmatively by a bill of exceptions, or some other appropriate method; otherwise the presumption is that the findings were waived: Id., *Smith* v. *Lawrence*, 53 Cal. 34. As the record in this case does not show affirmatively that findings were not waived, the judgment of the court below must be affirmed.

ZANE, C. J., and BOREMAN, J., concurred.