# HILLYARD v. DISTRICT COURT OF CACHE COUNTY et al.

No. 4439. Decided Sept. 16, 1926. Rehearing Denied October 4, 1926.
(249 P. 806.)

*Young & Bullen,* of Logan, for plaintiff.

*George C. Heinrich,* of Logan, for defendants.

GIDEON, C. J.

On November 27, 1923, the district court of Cache County made and entered its findings of fact, conclusions of law, and decree of divorce in favor of Harriet Hillyard and against petitioner here, George A. Hillyard, awarding to Mrs. Hillyard a decree dissolving the bonds of matrimony between herself and petitioner. In that decree the petitioner was required to pay and discharge a certain real estate mortgage in the sum of $700 on real property awarded by the decree to Harriet Hillyard. The petitioner was also directed to pay $20 per month permanent alimony, to pay an attorney's fee of $50, and other items mentioned in the decree. Thereafter, on December 23, 1924, Harriet Hillyard filed an affidavit in said cause, and in that affidavit it was recited that petitioner had neglected to pay any of the amounts or items in the decree of divorce directed to be paid by him. In the affidavit it was also stated that petitioner had had due and legal notice of the decree of divorce. Mrs. Hillyard asked for an order requiring the petitioner to show cause before the court why he had not complied with the orders contained in the decree of divorce. The court issued its

order directing petitioner to show cause on February 14, 1925, why he had not made the payments provided for in the decree of divorce. A copy of that order was served upon petitioner, and on the day mentioned therein he appeared in court with counsel. A continuance was had, and at a later date a hearing was had. At this hearing both plaintiff and defendant in the divorce action appeared and testified.

On March 28, 1925, the court made its order directing George A. Hillyard to pay to his former wife the sum of $100 and that he be remanded to the custody of the sheriff of Cache county and committed to jail until such payment was made. On May 4, 1926, he filed with the clerk of this court an affidavit and sought a writ of certiorari to review the order of the court committing him to jail. In the affidavit it is claimed that the order is void and that the court was without jurisdiction and had exceeded its jurisdiction and that its jurisdiction was not regularly pursued in making the order, upon the following grounds: (a) That upon the hearing on the order to show cause the court failed to make any findings of fact or conclusions of law, failed to find that any alimony was due under the decree of divorce, and did not find that petitioner had failed to pay all alimony due, and that the court did not find that petitioner had failed to pay the mortgage upon the property awarded to the wife or had failed to make any of the other payments specified in the decree of divorce; (b) that the court failed to find that petitioner was able to make the payments specified in the decree and failed to find that the petitioner was in contempt of court; (c) that the order of March 28, 1925, was made in the absence of petitioner and while he was absent from the state. It is stated in the affidavit that the time for appeal from the said order has long since expired, and that petitioner has no speedy or adequate remedy at law or in equity; that the court will cause the sheriff of Cache county to arrest petitioner upon such order, and that petitioner will be confined by the sheriff as set forth in said order unless the relief prayed for therein is granted.

In response to the writ issued by this court on May 4, 1926, the district court has certified to this court the original files in the divorce action including the complaint, summons, demurrer, answer, and counterclaim, order to show cause, affidavit upon application for temporary alimony in said action, findings of fact, conclusions of law and decree of divorce, affidavit on order to show cause, order to show cause, proof of service of that order, and the order committing petitioner to the custody of the sheriff until payment of $100 is made. The record so certified also contains all minute entries made at the hearing in the divorce action, at the time of the issuance of the order to show cause and of the hearing upon that order, and the minute entry of the judgment of the court made upon such hearing. The defendant court also appeared by counsel and demurred to the petition for the writ of certiorari on the ground that the facts stated in the petition do not entitle petitioner to any relief. Defendants also filed a motion to quash. This motion is based upon the alleged ground that it does not appear either in the petition for the writ or from the files and records certified to this court by defendants that the district court in the exercise of its judicial function exceeded its jurisdiction or its authority in the premises, and that petitioner has a speedy and adequate remedy at law. Upon that state of the record the matter has been submitted for determination.

Petitioner did not, by answer or other pleading, put in issue the statements of the affidavit upon which the court issued its order to show cause on December 23, 1924. The court did not make findings either in an oral review of the testimony or in written findings at the hearing on the order to show cause or at the time of entering its order committing petitioner to the custody of the sheriff. That order recites the fact of the filing by Mrs. Hillyard of the affidavit on December 23, 1924, the issuance of the order to show cause, the appearance of petitioner in response to that order, the subsequent hearing, and concludes as follows:

"That on the date last mentioned this matter came to a hearing upon the affidavit of the defendant above named before the court, and, the court having heard the evidence introduced by the parties hereto, and the court having heard the arguments of counsel, E. T. Young, Esq., appearing for the plaintiff, and George C. Heinrich, Esq., appearing for the defendant, the court now finds, and it is hereby ordered and adjudged, that plaintiff pay to the defendant the sum of $100 forthwith, and that he be remanded to the custody of the county sheriff and committed to jail until the payment of the said amount of $100."

No claim is made that the court was without jurisdiction of the parties and subject-matter in granting the divorce and in entering its decree dissolving the bonds of matrimony then existing between the parties. Neither is it claimed that the court exceeded its jurisdiction in issuing the order to show cause upon the affidavit made on December 23, 1924. Counsel's contention, therefore, in its final analysis, is that the court did not regularly pursue the authority conferred in making the order committing petitioner to the custody of the sheriff and therefore exceeded its jurisdiction in making such order. He bases his objections to the jurisdiction of the court to enter the order committing petitioner to the sheriff and his right to have the same reviewed by writ of certiorari, stating the objections in the language of his brief, as follows:

"(1) No findings of fact were made or filed either separate from the order or recited therein, and findings were not waived. (2) The order or the record anywhere failed to find that any alimony was in fact due and unpaid. (3) The court failed to find that plaintiff is in contempt of court. (4) The court failed to find that plaintiff was able to pay the $100 or any other sum."

The second ground is without substance. It is stated in the affidavit that the petitioner had knowledge of the orders made in the divorce decree. It is also stated therein that petitioner had not paid any of these amounts. The record does not show that those statements were denied. If the petitioner had knowledge of the contents of the decree, then it must follow as an unanswer-

able conclusion that he knew that he had not complied with that order. Having knowledge of the contents of the decree, it was incumbent upon him to show that he had complied therewith if such were the fact. Where it is made to appear in the affidavit that the party whose duty it was to pay the alimony had knowledge of the order requiring such payment, the fact of payment or inability to pay is a matter of defense. *Bice v. Bice* (Wash.) 244 P. 1000.

A contempt proceeding of the nature disclosed by this record is a civil action. *Snow v. Snow*, 13 Utah, 15, 43 P. 620. It is therefore earnestly contended that it was the mandatory duty of the court under the provisions of Comp. Laws Utah 1917, §§ 6828, 6829, to make findings of fact and conclusions of law, and that they should be separately stated unless such findings and conclusions are waived. Section 6828 provides that upon a trial of a question of fact by the court its decision must be given in writing and filed with the clerk within 30 days after the cause is submitted for decision. Section 6829 is:

"In giving the decision, the facts found and the conclusions of law must be separately stated, and the judgment must thereupon be entered accordingly."

It is contended by petitioner that the findings of fact were not waived, and that therefore the court exceeded its jurisdiction in entering its order and committing him to jail until findings were made to support the order.

The Supreme Court of California, in *Van Hoosear v. Railroad Commission of California*, 189 Cal. 233, 207 P. 905, says:

"It is essential to the jurisdiction to punish for contempt for disobeying the order of a court that the party charged shall have been able to comply with such order, unless he has voluntarily and contumaciously disabled himself from complying"—citing numerous cases.

That case was brought before the Supreme Court of California by writ of prohibition.

226

The first headnote to Ex parte Hamberg, 37 Idaho, 550, 217 P. 264, is:

"To justify the imprisonment of a person until he has paid a definite sum of money provided for in a decree of divorce, it must appear that the payment of the sum was within the power of the person at the time of the commitment."

The trial headnote to *Cress v. State,* 14 Okl. Cr. 521, 173 P. 854, is:

"Proceedings in contempt must be based upon facts from which a clear deduction of guilt can be established. The judgment of a court imposing fine or confinement or both, upon a person charged with contempt, must disclose the necessary facts upon which a judgment for contempt can rest; otherwise the person penalized will be entitled to a discharge."

The headnote to *Hoffman v. Hoffman,* 26 S. D. 34, 127 N. W. 478, 30 L. R. A. (N. S.) 564, Ann. Cas. 1913A, 956, is:

"A court cannot adjudge a person in contempt without making findings of fact showing as a matter of law that such person is in fact guilty."

In the language of Comp Laws Utah 1917, § 7383, the authority of this court to review proceedings of an inferior tribunal by certiorari is:

"The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer."

The question of the extent to which this court will review the proceedings of an inferior tribunal in proceedings of this nature has frequently been before this court. It has become the settled rule in this jurisdiction that, "Under the statute the office of the writ of certiorari is to inquire into and review determinations made with jurisdiction or in excess of the jurisdiction conferred." *O. S. L. Rd. Co. v. District Court,* 30 Utah, 371, 85 P. 360; *Page v. Bank,* 38 Utah 449, 112 P. 816; *Higgs v. Burton,* 58 Utah, 99, 197 P. 728; *Rohwer v. District Court,* 41 Utah, 279, 125 P. 671; *Pincock v. Kimball,* 64 Utah, 4, 228 P. 221.

The Supreme Court of Washington in *Bice v. Bice,* supra, cited by defendants here, recognizes the duty of the court to make findings in contempt proceedings. The court holds, however, that a memorandum opinion concerning the court's determination of facts as shown by the evidence is sufficient to meet the requirements of the statute in regard to making findings. The court in that case also held that inability to pay is a defense if the affidavit states that the husband had notice of the order contained in the decree of divorce. It is, however, insisted by counsel representing the defendants that, it not affirmatively appearing that findings of fact were not waived, it will be conclusively presumed that findings were waived. Reliance is had upon the opinion of this court in *Haynes v. Roberts,* 4 Utah, 405, 11 P. 512. The language of the court in that case is:

"If there were no findings, and they were not waived, it should be shown affirmatively by a bill of exceptions, or some other appropriate method; otherwise the presumption is that the findings were waived."

Numerous California cases are cited to the same effect. Section 6830, Comp. Laws Utah 1917, is:

"Findings of fact may be waived by the serveral parties to an issue of fact: 1 By failing to appear at the trial; 2 By consent in writing filed with the clerk; 3 By oral consent, in open court, entered in the minutes."

The petitioner here did appear at the trial on the order to show cause. There is nowhere in the record any writing indicating that the petitioner consented to a waiver of findings. Therefore, if the presumption that the findings were waived has any support it must be found that the waiver was oral and in open court and that the same was entered upon the minutes. There is no bill of exceptions. The minutes of the court are, however, attached to and made a part of the record filed by the trial court in response to the writ

issued by this court. The certificate is that not only does the record contain the minutes relative to the divorce action but also all minutes relating to or in any way connected with the hearing on the order to show cause. The record therefore does affirmatively show that findings were not waived. In other words, if an oral consent to the waiving of findings was made such consent must and should have appeared in the minutes of the court as provided in the statute. Not so appearing, necessarily the record shows that findings were not waived. It does not appear in *Haynes v. Roberts*, supra, that the minutes of the court were a part of the record in that case, nor does it appear in any of the California cases relied on that the minutes of the court were parts of the records.

Finally, it is contended by the defendants that, conceding that the court should have made findings and that it was error not to do so, this court will not review the record by writ of certiorari, and that the only way open to petitioner to have the record reviewed was by an appeal. This argument is founded upon the conceded facts that the court had jurisdiction of the parties and subject-matter in the divorce action and was authorized to enter the decree of divoce, as it was entered, and also authority to issue the order to show cause. It is therefore contended that the failure of the court to make findings was a mere error of law and not an act in excess of jurisdiction and therefore not reviewable by certiorari. This contention is sufficiently answered by what is said in this opinion heretofore.

There is no statement in the affidavit upon which the order to show cause was issued that petitioner was able to make the payments specified in the decree of divorce. Neither is there any statement that petitioner had voluntarily and with intent to render himself unable to comply with the orders therein contained conveyed his property or otherwise rendered himself unable to comply with the judgment of the court. Under the authorities cited and the uniform holdings of the courts, it is a

prerequisite in contempt proceedings of the nature here under review to an order committing to jail that the one charged should be found able to comply with the court's order or that he had intentionally deprived himself of the ability to comply with such order. The court did not make such a finding. The language of section 6829, supra, seems to be mandatory that findings are necessary to support a judgment in actions in which the court is required to make findings unless such findings are waived. We are not to be understood as holding that formal findings are absolutely requisite to support a judgment, but it must appear that in the judgment or elsewhere in the record that the court has found facts necessary to support its judgment; otherwise the judgment or order of the court has no foundation in the record. See list of cases following Comp. Laws Utah 1917, § 6829. Had the court made findings, however, erroneous those findings or the conclusions drawn therefrom, it could not then be said that the court had not regularly pursued its authority, and its findings or conclusions or judgment could not be reviewed by certiorari. Here, however, there is a total absence of findings. In that the record in this case shows that the court's order committing the petitioner to jail does not contain any findings to support such order, the court did not therefore regularly pursue the authority conferred, and in that regard exceeded its jurisdiction.

The order of the court committing petitioner to jail is annulled and set aside. No costs will be taxed in this case.

THURMAN and FRICK, JJ., concur.

STRAUP, J.

I concur with the CHIEF JUSTICE. It may be conceded that many orders made in a cause and incidental thereto or necessarily involved therein require no special or direct, at least not separate, findings to support them. But the proceedings here for contempt, though properly invoked in the

main action, still were fresh and independent proceedings. To properly invoke them required some sort of an initial pleading, a complaint, petition, or affidavit—something to invoke action and to confer jurisdiction to properly hear and adjudicate the matter. Such a petition or affidavit was filed. The material allegations properly averred therein and put in issue required some kind of findings to properly adjudicate them, either separately stated or set forth in the judgment or order of conviction, or at least the finding of sufficient facts to support the judgment of conviction. The authorities cited by the Chief Justice support such view. And, fundamentally and in consonance with our Code, where express findings are required and implied findings are not indulged, no one ought to be punished and deprived of his liberty without sufficient findings of fact which in law justify it. The recitation in the order that the matter came on for hearing, that the court heard the evidence and the arguments of counsel, and "now finds and it is hereby ordered and adjudged that plaintiff pay to the defendant $100 forthwith," and that he be remanded to the custody of the sheriff and committed to jail until such payment is made, is no finding of any fact or facts, or at least not sufficient facts, to support the judgment. The recitation as a finding of fact is nothing. The court at the close of the hearing might as well have declared to the plaintiff to pay the defendant $100 or go to jail until he paid it. Of what consequence is the recitation that the court heard the evidence without stating what he heard or found with respect thereto, or to the issues? The court was not, nor is there any claim made that the court was, justified in rendering a judgment on the pleadings. The court thus heard the evidence and argument of counsel, but wholly failed to find anything to justify the judgment rendered by him. We have heretofore held that it is the duty of the trial court to find upon all the material issues made by the pleadings whether evidence be introduced or not, and if there be no evidence on a material issue the judgment cannot be supported. *Mitchell v. Jensen,* 29 Utah,

346, 81 P. 165; *Dillon Imp. Co. v. Cleaveland,* 32 Utah, 1, 88 P. 670; *Everett v. Jones,* 32 Utah, 491, 91 P. 360. And says Hayne, New Trial & Appeal, vol. 2, p. 1314, the rule which requires findings upon every material issue, unless findings are waived, has been uniformly followed in all jurisdictions where the system of express findings prevails.

However, the claim is made that as there were no separate written findings in the record the presumption must be indulged that findings were waived and thus the further presumption that all the facts necessary to sustain the judgment were impliedly found. But such presumption prevails only when no pretended findings in writing of any kind are made or filed or found in the record. Where some sort of findings are pretended or made, no matter how incomplete or defective or wanting they may be, no presumption may then be indulged that any omitted material or necessary issue was found in favor of the judgment. In other words, where on the record there are some sort of a semblance of findings, the presumption will be indulged that such were the only findings and what of fact or conclusion therein contained or therein stated was all that the court found. Here the court declared that, having heard the evidence and argument of counsel, "now finds and it is ordered and adjudged" that the plaintiff pay $100 or go to jail. Though the finding is nothing, though it is wholly insufficient to support the judgment, yet from the language employed may the presumption be indulged that all else necessary to be found to support the judgment was waived? I think not. It is only when the record is entirely silent as to findings that the presumption of waiver is indulged. *People v. Fuqua,* 61 Cal. 377; *People v. Forbes,* 51 Cal. 628. Where, as here, the court undertakes or pretends to find, but finds nothing of substance and omits to find facts necessary to support the judgment, I think no waiver of findings is to be indulged, but one of failure to make proper and sufficient findings.

Though the matter be treated as though findings of no kind had been made and as no intention or attempt to do so

—the record treated as an entire silence as to findings— and thus the presumption indulged that findings were waived, still, on the record, I think with the Chief Justice that the presumption is dissipated. As pointed out by him, the statute specifies three ways in which a waiver if there be one may be made to appear: (1) By failure to appear at the trial; (2) by consent in writing filed with the clerk; (3) by oral consent in open court entered upon the minutes. If thus it be shown by the record that there was no failure to appear at the trial, no writing filed with the clerk waiving findings, and no oral consent in open court entered in the minutes, whatever presumption of waiver may be indulged because of an entire silence of findings is dissipated. Confessedly the record affirmatively shows there was no failure of appearance. All of the papers and documents filed in the cause in this proceeding were certified up. The record so certified shows no written or other waiver of findings. Likewise all the minutes of the court with respect to the proceedings are also certified up. None of them show any oral or other consent of waiver or any waiver of findings. Thus, if there was a waiver it would be made to appear by the record so certified up. No waiver of any kind is there made to appear. Therefore it affirmatively appears by the record that there was no waiver of findings, and thus watever presumption of waiver might be indulged from any entire silence of findings is dissipated by the record.

The case thus stands where sufficient and proper findings were not made to support the judgment and where findings were not waived. Though the court had jurisdiction of subject-matter and of the parties, still it was not authorized to render and enter a judgment without findings. In other words, it affirmatively being made to appear that findings were not waived, the judgment which was rendered upon wholly insufficient findings and upon nothing to support it is void and therefore should be annulled.

CHERRY, J., dissents.