## EX PARTE GERBER

No. 5538.  Decided February 28, 1934.  (29 P. [2d] 932.)

*E. J. Skeen,* of Salt Lake City, for plaintiff.

*Parnell Black,* Deputy Co. Atty., and *Joseph S. Nelson,* both of Salt Lake City, for defendant.

STRAUP, Chief Justice.

A petition was filed on behalf of Parley F. Gerber for a writ of habeas corpus wherein it was alleged that he was unlawfully detained and restrained of his liberty by the sheriff of salt Lake County on a judgment of the district court in and for the county of Salt Lake, committing the applicant to the custody of the sheriff to be imprisoned in the county jail for failure to pay monthly payments of $30 for the support and maintenance of his wife, Bertha Gerber. It is alleged that the order and judgment are void, chiefly on the ground that there were no pleadings, evidence, or findings to support the order or judgment of commitment. A temporary writ was granted, the sheriff directed to make return thereof, and the clerk of the district court, on a writ of certiorari issued in aid of the writ of habeas corpus, to certify to this court the proceedings had with respect to the commitment.

Briefly stated, it is made to appear that on March 15, 1928, in an action in the district court of Salt Lake county wherein Bertha Gerber was plaintiff and the petitioner, Parley F. Gerber, was defendant, a decree of separate maintenance was granted awarding the wife $30 a month for her support and maintenance. On January 16, 1934, the defendant, Gerber, in that action filed a petition to modify the decree of separate maintenance to one of divorce. On citation issued, Mrs. Gerber January 29 filed an answer denying the alleged grounds for modification, alleging affirmative grounds resisting the modification, that Gerber was in default in the sum of $1,810 for failure to pay the monthly allowances as required to be paid by the decree of March 15, 1928, and that prior proceedings were had in the cause in December, 1928, and in March, 1931, wherein the defendant was found guilty of contempt, and in each instance committed to imprisonment for ten days for failure to pay the monthly awards. Her prayer was "that the defendant recover nothing by his petition (for modification), that it be dismissed, and that the defendant

be found in contempt in failing to pay said $1810 or any part thereof, and that he be disciplined as this court shall deem just and proper, and that affiant have judgment entered against him for $1810.00 as past due under said decree up to May, 1933, and costs." Nothing further was alleged by her in support of the prayer that the "defendant be found in contempt."

On January 29, 1934, the record recites that, the matter coming before the court, the defendants petition for modification of the decree "was on motion of the defendant Gerber dismissed," that the defendant was sworn and examined, and, on motion of counsel for the plaintiff, "the further hearing on the order to show cause," for failure to pay the maintenance, was continued to February 16, 1934. On February 15, 1934, Mrs. Gerber filed a supplemental affidavit in which she averred that within the next four months it was "reasonable that the defendant (Gerber) can earn $100 above living expenses, that he can reasonably earn said amount at sheep-shearing and hauling; that to send him to jail for contempt would interfere with such earning, because nothing short of a long commitment would have any disciplinary effect; that therefore affiant (Mrs. Gerber) is opposed to such imprisonment at this time; but that defendant has a car —a Chevrolet truck which is very dear to him—and that the requirement that he endorse to affiant his certificate of title as security for payment of $100 in the next four months would probably bring her something to help her family and her necessitous needs"; and thereupon she prayed that the defendant, Gerber, be required to execute and deliver to her the certificate of title to his truck for security for payment of $100 within four months.

On February 16, 1934, the record recites that further hearing of the cause came on before the court, "whereupon said order to show cause was argued to the court by respective counsel. Now, pursuant to stipulation of respective counsel, it is ordered that judgment be entered in favor of the plaintiff and against the defendant in the sum of $500.00

for accrued support monies as of July 1, 1933. Now, upon motion of plaintiff's counsel, it is ordered that the defendant endorse his certificate of title to a certain Chevrolet Truck to the plaintiff, on or before February 21, 1934, as security for payment of the aforesaid judgment; but that the defendant shall have the right of possession and use of said Truck without plaintiff's transfer or execution on said Truck. The Court thereupon finds the defendant to be in contempt of Court and pronounces the following sentence upon the said defendant: The judgment and sentence of this Court is that you, Parley F. Gerber, be confined and imprisoned in the County Jail of Salt Lake County, forthwith for a period of thirty (30) days, provided however, that between the hours of 7 A. M. and 7 P. M., of each and every day during said 30 day period of incarceration except Sundays, you shall be permitted to leave said Jail upon your promise to return on or before 7 P. M. for the purpose of seeking or performing remunerative employment, that you deliver to the Sheriff of Salt Lake County, a written statement on your return to said Jail following such release, designating the places you have sought for or performed employment."

The order was dated February 16, 1934. On the same day the court entered a formal judgment adjudging and decreeing that the plaintiff have and recover from the defendant the sum of $500 as accrued support money under the decree of March 15, 1928, together with interest at 8 per cent per annum. On the same day, February 16, 1934, the court signed and entered a formal judgment in the sum of $500 in favor of the plaintiff and against the defendant, and that he indorse a certificate of title to the truck to the plaintiff as security for the amount of the judgment, and as hereinbefore indicated, and further ordered that "defendant Parley F. Gerber be punished for his said contempt by being incarcerated in the County Jail of Salt Lake County, Utah, for a period of thirty days," and as hereinbefore recited. The record further shows that on the same day, February 16, 1934, the court signed an order of "Contempt of Court" and

"Commitment," in the same language as in the first order hereinbefore referred to.

So far as disclosed by the record, no affidavit or other pleading was filed showing ability of the defendant to meet any of the default payments, or the judgment of $500 or any part thereof rendered against him. And, as disclosed by the record, no findings of fact were made or otherwise stated that the defendant had property, means, or present or any ability to comply with the decree or any part of the judgment or any order of the court with respect to the payment of any of the default payments, or that the defendant had willfully refused to pay any of such back installments, or that he had intentionally or otherwise deprived himself of ability to comply therewith nor is it recited or otherwise indicated that the order of contempt or commitment was based on any evidence adduced before the court or on which the order of contempt and commitment was based. Because of the failure of the court to make findings in one or more of such particulars or the equivalent thereof, unless waived, of which there is no evidence, the order of judgment of the court adjudging the defendant guilty of contempt for failure to pay the installments as decreed and ordering him committed, as was done, has no support, and thus was rendered without jurisdiction, and is null and void, though a sufficient affidavit or other pleading had been filed invoking jurisdiction to hear and determine the matter, and even though evidence had been adduced in support thereof. *Hillyard* v. *District Court*, 68 Utah 220, 249 P. 806. Such holding is to the effect, and is supported by ample authority, there cited, that, unless the court on a hearing before it invoking jurisdiction has made and filed findings of fact to the effect that the defendant had ability or was able to comply with the decree or orders of the court, or intentionally and contumaciously deprived himself of ability to comply therewith, the court was without jurisdiction to commit the defendant as for contempt.

The writ thus is made permanent and the petitioner discharged from custody without day. Such is the order. No costs.

ELIAS HANSEN, FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.