## PARISH v. McCONKIE, District Judge, et al.

No. 5438. Decided September 15, 1934. (35 P. [2d] 1001.)

J. J. *Whitaker*, of Salt Lake City, for plaintiff.
K. C. *Tanner*, of Salt Lake City, for defendants.

MOFFAT, Justice.

This matter comes before the court upon an original application for a writ of prohibition. The question arose out of the proceedings in the case of *Parish* v. *Parish*, 84 Utah 390, 35 P. (2d) 999, just decided by this court. The application having been made after the appeal in the case of *Parish* v. *Parish* had been perfected, and an alternative writ issued, it was stipulated at the time of the oral argument of that case that the petition for the writ might be submitted and considered with the principal case. The affidavits in support of the alternative writ and the return thereto show: That Hon. Oscar W. McConkie is one of the judges of the district court of the Third judicial district; that in the case of *Parish* v. *Parish* there had theretofore been entered in another division of the court a decree of divorce, in pursuance of findings and conclusions entered therein; that a property settlement had been arrived at and included in the decree as a part thereof; that said decree was entered on the 12th day of April, 1932.

Paragraph 6 of that decree provided:

"It is further ordered, adjudged and decreed that the said defendant (Charles R. Parish) shall assign, set over and transfer and deliver to

of the present cash value of $2,900.00, or in lieu thereof shall assign, transfer, set over and deliver to said plaintiff life insurance certificates having a present cash value of the same amount, or in lieu thereof shall deliver to the said plaintiff $2,900.00 in cash."

It further appears that the defendant, in pursuance of an order of the court, had been cited to appear and show cause, if any he had, why he should not be punished for contempt for failure to comply with the terms of the decree as to alimony and support money, certain costs, and the provisions of paragraph 6 of the decree above quoted. Subsequent to the issuance of the order to show cause, the defendant had filed with the court his application, praying for modification of the decree. Defendant's application does not specifically refer to paragraph 6 of the decree, but sets out changed conditions and reduced earning capacity, and prays for a review "of all of the facts."

By agreement hearing upon the order to show cause and the application to modify the decree came on for hearing before the trial court at the same time, to wit, January 3, 1933. At the conclusion of the hearing, the court made and entered its order modifying the decree of April 12, 1932, by reducing the alimony and refusing "to entertain jurisdiction of the plaintiff's (defendant's) petition to modify said decree so far as said petition sought to modify the decree heretofore entered settling the property rights." It is not found or indicated, nor is it disclosed by the record of the trial court what reason the court had in mind for so refusing to entertain jurisdiction. No reason being assigned, it may be assumed that the trial court took the view that such judgment was a final judgment, and therefore not subject to the rules relating to interlocutory or alimony judgments or judgments relating to custody of children, and was therefore a final judgment. Both appellant and respondent seem to have accepted that position in the principal case *Kistler* v. *Kistler*, 141 Wis. 491, 124 N. W. 1028.

On the 17th day of February, 1933, an appeal was taken from that judgment. Notwithstanding the apparent posi-

tion taken by the trial court as to the finality of that part of the decree set out in paragraph 6 relating to the property adjustment item of $2,900, an order to show cause was issued by the trial court directing the defendant in that action to appear and show cause why he had not complied with the provisions of paragraph 6 or be punished for contempt.

On the 5th day of May, 1933, the matter came on for hearing. The record discloses that the trial court refused to permit the defendant to go into any question as to his liability to comply with paragraph 6, and, without making any findings upon the matter, declared the defendant to be in contempt, and ordered him committed to the county jail of Salt Lake county for a period of twenty days. From this order the plaintiff herein, defendant in the divorce action, applied to this court for a writ of prohibition. The alternative writ was issued, and the question now is, Shall that writ be made permanent?

It is not necessary to discuss the matter further than to say the court has no authority within the proper exercise of its jurisdiction to commit a person to jail for contempt without having made findings upon the issue and entered a judgment accordingly.

In a recent case decided by this court it is said:

"* * * As disclosed by the record, no findings of fact were made" nor was it "otherwise stated that the defendant had property, means, or present or any ability to comply with the decree or any part of the judgment or any order of the court with respect to the payment of any of the default payments, or that the defendant had willfully refused to pay any of such back installments, or that he had intentionally or otherwise deprived himself of ability to comply therewith nor is it recited or otherwise indicated that the order of contempt or commitment was based on any evidence adduced before the court or on which the order of contempt and commitment was based. Because of the failure of the court to make findings in one or more of such particulars or the equivalent thereof, unless waived, of which there is no evidence, the order or judgment of the court adjudging the defendant guilty of contempt for failure to pay the intallments as decreed and ordering him committed, as was done, has no support,

and thus was rendered without jurisdiction, and is null and void." *Ex parte Gerber* (Utah) 29 P. (2d) 932, 933; *Hillyard* v. *District Court,* 68 Utah 220, 249 P. 806.

It appears the case of Gerber, supra, is controlling in the instant case, regardless of whether that part of the decree relating to the property settlement was a final judgment or not. In order that there may be no further question in this case and in the interest of preventing unnecessary litigation, it would seem to be within the proper exercise of the discretion of this court to state that we are of the opinion that the judgment as to the $2,900, item is a final judgment for the payment of $2,900 in cash, and for the collection of which the proceedings provided by paw for the collection of a judgment relating to execution are available. We say this partly because the record indicates that the defendant in his testimony in the principal case assured the court that he did not have, and was unable to secure, the Western Loan & Building Company stock; that the stock with which he expected to perform that obligation was mortgaged at the time, and has since been lost; that he refused to transfer the insurance policies, for the reason that the children would be left unprotected, so that the court would be justified in finding that the defendant had exercised his right of option of satisfying the $2,900 judgment by the payment of cash only. A judgment in the alternative gives the right of option to the judgment debtor, and his election is binding upon the judgment creditor. *State ex rel. Gordon* v. *Smith,* 98 Wash. 100, 167 P. 91, 169 P. 468. Further, the judgment dividing the property is based upon a contract, and no question of fraud, good faith, undue influence, or overreaching is presented. The judgment settling property rights is final and a bar to any action afterwards brought by either party to determine the question of property rights. *Smith* v. *Smith,* 77 Utah 60, 291 P. 298, and cases there cited.

There are certain broad statements in the books that a judgment cannot be in the alternative. 33 C. J. 1197.

It is said in *Battell & Collins* v. *Lowery et al.*, 46 Iowa 49, that:

"If the finding is alternative, conditional or contingent, the judgment necessarily partakes of the same character." In that case the statement would be true because the language used was "in the event such litigation shall result, etc., the plaintiff's have and recover," and, as was then said, "It was at most a judgment that there should be a judgment."

In *Strickland* v. *Cox*, 102 N. C. 411, 9 S. E. 414, 415, the statement is made that "Alternative or conditional judgments at law are void in civil as well as in criminal cases." As applied to the facts in that case, the statement is correct; but as in contracts, a condition sure to happen or an alternative one or the other of which a party is bound to elect, the happening or election making the judgment absolutely certain and defnite eliminates the condition. For example: Thirty days from this date plaintiff shall be entitled to recover $1,000, is not a judgment, while, plaintiff shall have and recover $1,000, payable thirty days from the date hereof, is a judgment.

In this case it is of no material assistance to plaintiff whether the judgment be void or for a sum certain, as in either case a contempt proceeding could not be based thereon. The stipulation and the decree give the option to the defendant. The court may require the defendant to elect if such election has not been made. If he elects to deliver stock or insurance certificates, he may be required to specifically perform, and for faiure may be required to show cause or be punished, or, if he elects to pay cash, execution may issue upon the judgment, and supplemental proceedings follow with like results when circumstances warrant.

It is not claimed that any such findings were made or that the court would have made them. The issue was not presented in such way, and it was probably difficult for the court in that matter to do otherwise than refuse to go into such matter until it was properly made an issue.

In any view of this case, the alternative writ must be made permanent. Such is the order.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.