## PARISH v. PARISH.

No. 5415. Decided September 15, 1934. (35 P. [2d] 999.)

See, also, *Parish* v. *McConkie*, 84 Utah 396, 35 P. (2d) 1001.

*J. J. Whitaker*, of Salt Lake City, for appellant.

*K. C. Tanner*, of Salt Lake City, for respondent.

MOFFAT, Justice.

The record in this case disclosed that an interlocutory decree of divorce was entered on the 12th day of April, 1932, whereby the bonds of matrimony between plaintiff and defendant were dissolved. The plaintiff was awarded alimony and support money for herself and two children, the custody of which was awarded to her. A property settlement based upon an agreement or stipulation was also included in the decree.

As provided by statute, the decree of divorce was interlocutory, and provided that it should not become final until

the expiration of six months from date of its entry, at which time it should become final, unless within such period proceedings for a review of the cause, instituted as provided by the statute, should be pending.

On the 15th day of August, 1932, the plaintiff filed with the trial court her motion and affidavit for an order requiring the defendant to show cause, if any he had, why he should not be punished by the court for his failure to comply with the order or decree of the court.

Plaintiff's affidavit in support of her motion for the order to show cause set up three items:

Failure to pay an item of costs of court, failure to pay the full amount of alimony, and failure to assign or transfer certain property or pay the equivalent thereof in cash referred to in the decree. The description of the specific property referred to in the decree or the alternative payment in cash is contained in paragraph 6 as follows:

"The defendant shall assign, transfer, set over and deliver to the plaintiff stock in the Western Loan and Building Company of the present cash value of $2,900.00 or in lieu thereof shall assign, transfer, set over and deliver to the said plaintiff life insurance certificates having a present cash value of the same amount or in lieu thereof shall deliver to the plaintiff $2,900.00 in cash."

A citation was issued thereon and served upon the defendant.

On August 18, 1932, the defendant filed his petition with the trial court, alleging, among other things, that, owing to changed financial earning capacity of defendant, it was impossible for him to perform according to the provisions of the decree and prayed for a review of the facts. Affidavits, counter affidavits, an answer, demurrer, and motions were made and filed by the parties. Interlocutory orders relating to costs, depositions, attorney's fees were made and entered by the court.

Among the orders entered by the court was one whereby it was ordered that the interlocutory decree was "extended

to and including the termination of the motion to modify said decree and the same shall not become final until thereafter." Such order would have no effect upon the property settlement or the judgment based thereon.

Plaintiff's answer to the petition for modification of the decree set up that the court was without jurisdiction to alter the provisions of the decree in so far as it pertained to the property settlement, and upon the hearing plaintiff's counsel strenuously objected to the introduction of any evidence upon that issue.

Plaintiff denied that there was any changed condition or misapprehension as to property values at the time the property division agreement was entered into. Plaintiff also alleged specifically certain amounts that defendant had earned specifying the periods, and by answer made other allegations and denials.

Upon the issues thus made, general though they are, evidence was submitted and a record made upon two propositions, as limited by the court and contentions of counsel for the parties. One was the question of modification of the terms of paragraph 6 of the decree relating to the payment of the sum of $2,900 in value by one of the three alternatives set out in that paragraph above quoted, and the other, the question of the reduction of monthly payment of alimony and support money. As to these two issues the following is the complete and only finding made as to those matters:

"1. That, except as hereinafter provided, the demand of the defendant for modification of said decree has not been supported by the evidence. The court finds the fact to be that defendant is financially able to comply with the requirements of the decree as heretofore entered, with particular reference to paragraph six thereof, provided, however, that defendant is entitled, in the light of the evidence, to a modification of that part of the decree that relates to the payment of $200.00 per month. As to that the defendant should be relieved to the extent of Seventy Five Dollars Per Month ($75.00) that is the $200.00 per month payment should be reduced to $125.00 per month, from February 1, 1933, to June 1, 1933. After the four months have passed the payments should be resumed as in the said decree provided."

It will not be seriously contended, we think, that the foregoing constitutes a finding of facts. A mere conclusion that the decree should or should not be modified or that the evidence is sufficient or insufficient to authorize relief will not satisfy the requirements of the statute that the facts found must conform to the issues and be separately stated. R. S. Utah 1933, §§ 104-26-2 and 104-26-3, and cases construing these sections. It is not necessary to follow the language of the pleadings; but findings should be made on every material issue presented. There are no facts found that show that defendant is able to comply with the requirements of paragraph 6 of the decree, or what the defendant's earnings or income and expenses are, whether he has any property that might be applied thereto or of what it consists, if any. A number of these Utah cases are collected and cited in the case of *Piper* v. *Eakle,* 78 Utah 342, 2 P. (2d) 909, discussing this matter of findings. The above-quoted alleged finding was made as of January 7, 1933. The judgment of modification of the decree is with slight rearrangement and paragraph divisions substantially the same in language and effect as the finding.

The evidence in the record discloses, for the period of eleven months preceding the hearing on the modification of the decree and order to show cause, the defendant's earnings, gross and net. The net earnings were: February 1932, $882.75; March, $42.29; May, $137.45; June $139.34; July, $137.12; August, $167.43; September, $195.61; October, $114.84; November, $179.81; December, $129.87. The month of April showed a deficiency of income in the sum of $211.33.

An examination of the statement of earnings submitted by the defendant reveals that the defendant could not have paid the required amount of alimony and support money provided to be paid according to the decree. The evidence, while failing to disclose anything about possible future income of the defendant, revealed the present and general financial prospects of the defendant to be not reassuring.

General conditions were not promising as to possible increase of earning power. There is no evidence in the record from which the court could have found that at the expiration of four months the defendant's earning power would increase. Had a finding been made to such effect as the modified decree provided to increase the alimony to $200 per month at the expiration of a four-month period, the evidence would not support such finding. In equity cases this court has the power, where the record is sufficient, to make findings or direct the trial court to make findings in accordance with the evidence. We are, however, convinced that this is not a case where the evidence or the nature of the case is such that this court should either make the findings or direct what findings should be made. There being no finding to support the judgment of the court, and the evidence clearly showing that the decree of the court as to the payment of alimony and support money should be reduced (as to the amount we express no opinion), the cause as to that matter should be remanded to the trial court, with directions to reopen the cause, permit the parties to file such pleadings relating to the issues as to alimony or support money as will define them, and to proceed to hear the cause upon those issues as made if the parties be so minded.

As to the question of the modification of paragraph 6 of the original decree, both parties to this appeal have agreed that such question was not before the court. Counsel for both parties seem to have accepted the position that paragraph 6 of the decree is a final money judgment, is not subject to modification, and execution may be had thereon.

No evidence appears in the transcript as to the matters of attorney's fees. Counsel for respondent, whose fee is in question, indicated that the matter was submitted to the court with authority to fix what the court considered a reasonable attorney's fee. Appellant has objected to the amount fixed and assigned error. There being neither evidence nor finding in the record, the matter must

also be remanded to the trial court to be disposed of as the exigencies of the case may require.

Counsel for respondent has applied to this court for an order allowing respondent attorney's fees to be paid by appellant for services rendered in defending this appeal. After due consideration, the court has fixed the amount appellant should be required to pay respondent for the services rendered by her attorney on this appeal at the sum of $100.

The judgment of the trial court is therefore reversed, and the cause is remanded, with directions to proceed according to the views herein stated. Costs to respondent.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.