## BROWN v. BROWN

No. 7475. Decided March 16, 1951. (228 P. 2d 816.)

430

See 28 C. J. S. Divorce, sec. 321. Support of children pursuant to divorce decree, contempt proceedings for enforcement of, see note 172 A. L. R. 869. See, also, 17 Am. Jur. 535.

*Edward W. Clyde, Allan E. Mecham,* and *Woodrow D. White,* all of Salt Lake City, for appellant.

*Eldred J. Wilde, John H. O'Donnell,* and *Dean E. Flanders,* all of Salt Lake City, for respondent.

WADE, Justice.

Thomas E. Brown appeals from a judgment finding him in contempt of court for failure to pay moneys due for the support of his two minor children in accordance with an order of the court and requiring him to pay $60.00

per month instead of $40.00 and for granting respondent $50.00 for attorneys' fees.

The facts are that on June 27, 1947, Leila R. Brown, respondent herein, was granted a divorce from Thomas E. Brown, appellant herein. Under the decree of divorce appellant was required to pay to respondent $15.00 per week for the care and support of his two minor children. In November 1948, respondent found it necessary to cite him into court on an order to show cause because he had failed to make any payments for the support of his children since January, 1948. On the hearing of this order, appellant was found in contempt but a jail sentence was suspended to give him an opportunity to make payments. However, he continued to be remiss in his payments so that respondent was again obliged to cite him into court on an order to show cause in August, 1949, at which time he owed $1112.50 for the support of his children. At the time the hearing of this order to show cause came on, a stipulation of the parties was filed wherein that order was dismissed and the court authorized to enter an order showing that the sum of $500 had been accepted in full payment of all past judgments entered and requesting the court to modify its order as to monthly payments so that appellant herein be required to pay $40.00 per month for the support of his minor children, said payments to be made in two monthly installments of $20.00 each on the first and 15th of each month, provided that if there was any default in the payment of the sum $40.00 for a period of thirty days, then the provisions of the decree theretofore entered requiring the payment of $60.00 per month should be automatically reinstated. The court entered an order in accordance with this stipulation. The first payment under this new order was to have been made on September 1, 1949. This payment and the second payment in September were made by appellant in accordance with the order. He then made no further

payments until October 30, 1949, when he paid $20.00. On November 4, 1949, on respondent's petition, a citation for an order to show cause was issued. On November 7, 1949, after the citation was issued, appellant made a further payment of $20.00.

At the hearing of this order to show cause, appellant testified that he is in business for himself servicing refrigerators, refrigerator equipment and household appliances; that he has remarried and is supporting his present wife and her three children; that during the month of September, 1949, he earned about $175 and during the month of October, 1949, he earned about $110. Out of that amount, he paid respondent $20.00 on October 30th and spent about $20 a week on food for himself and his present family. He also had to pay for his utilities and phone and gas for the car which belongs to his present wife but which he has to use in his business and about $15 for hand tools.

Appellant contends the court erred in finding him in contempt for failure to pay the amounts ordered by the court for the support of his children because a mere failure to comply strictly with an order of a court is not civil contempt unless such failure was willful, deliberate or contumacious and cites *Hillyard* v. *District Court of Cache County*, 68 Utah 220, 249 P. 806, and *Parish* v. *McConkie*, 84 Utah 396, 35 P. 2d 1001 as authority for this contention. Respondent admits that in civil contempt the failure must be either deliberate, willful or contumacious, but submits that the court found appellant had willfully refused to comply with the order of the court and that the record fully sustains such a finding.

From the record, it is apparent that from the beginning after he and respondent were divorced, appellant was

loathe to contribute to the support of his own children. He testified that he spent about $20 a week for food for his present family and that he occasionally took ■ them to movies. He had a trade at which the court could have reasonably believed he could earn more than he admitted or could have obtained a position which would have enabled him to pay for all the responsibilities he had assumed. Under such circumstances, the court could reasonably have found, as it did, that the failure of appellant to comply with the order of the court was willful.

Appellant further contends that the court erred in modifying the order entered August 25, 1949, reducing the monthly payments to $40.00 per month and reinstating the order of January 6, 1949, requiring him to pay $60.00 per month because he was never in default for a period of 30 days in his payments. The order of August 25 after modifying the amounts to be paid, reads:

"It is further ordered that in the event the defendant shall default in the payment of the sum of $40.00 per month as herein provided, and shall remain in default for a period of thirty days, then the provision of the decree heretofore entered requiring the defendant to pay to the plaintiff the sum of $60.00 per month for the care and support of the two minor children of the parties shall be automatically reinstated."

Appellant was ordered to pay $40.00 a month. He was allowed to make this payment in two monthly installments, the first installment being payable on the ■ 1st of each month and the second on the 15th. In October, he made no payment until the 30th of that month and then only a payment of $20.00. His next payment of $20.00 was made on November 7 after he was cited to show cause. He had failed to pay $40.00 for the month of October and was in default in the payment of $20.00 for that month and remained in default of a payment of $20.00 for that month for a period of more than 30 days, since there was nothing in the order which obligated respondent to credit the installment paid on the 30th to the payment

which was due on the 1st of October. Not having made the full payment of $40.00 for the month of October until November 7, appellant was in default for a part of that amount for more than 30 days and the court did not err in so finding and automatically reinstating the order of January 6, 1949, whereby appellant is obligated to pay $60.00 per month.

Having found that appellant was ·in default, it was proper for respondent to have cited him into court on an order to show cause and the court properly granted her attorneys' fees for this action.

Attorneys for respondent having asked this court to allow attorneys' fees for this appeal, and we having determined that appellant should pay respondent's fees in the lower court, we are of the opinion that she is equally entitled to them in this court and hereby award her $100.00 attorneys' fees.

Attorneys for respondent having asked this court to allow attorneys' fees for this appeal, and we having determined that appellant should pay respondent's fees in the lower court, we are of opinion that she is equally entitled to them in this court and hereby award her $100 attorneys' fees.

Affirmed.   Costs to respondent.

WOLFE, C. J., and LATIMER, McDONOUGH, and CROCKETT, JJ., concur.