## WATSON v. WATSON.

No. 4642.   Decided July 12, 1928.   (269 P. 775.)

*A. G. Horn,* of Ogden, for appellant.

*John A. Sneddon,* of Ogden, for respondent.

CHERRY, J.

The defendant appeals from an order and judgment of the district court of Weber county committing him to imprisonment in the county jail until he pays $600 delinquent alimony to his divorced wife.

The plaintiff had a decree of divorce from the defendant on September 3, 1919, and an award of alimony of $35 per month for the support of herself and one minor child. On December 21, 1922, on account of the remarriage of the plaintiff the alimony was reduced by agreement to $15 per month. On June 15, 1927, the plaintiff instituted the present proceeding, setting forth the failure of the defendant to pay certain accrued alimony, his ability to do so, etc., and prayed for an order that defendant show cause why he should not be punished as for a contempt. An order was

issued and served. The defendant appeared and a hearing was had. On August 5, 1927, the court made and filed its findings of fact and conclusions of law and the order appealed from. The court found the defendant in arrears to the amount of $1,801.20, including attorney fees and costs, and ordered him to pay $600 thereof at once, $600 in one year, and the remainder in two years, and that he be imprisoned until the first payment was made.

The order committing the defendant to imprisonment until he pays $600 delinquent alimony is assailed upon the ground that there is no sufficient proof or finding that the defendant had the ability to make the payment in default of which he was to be imprisoned. The finding of the court on this subject was that since the entry of the decree awarding alimony "defendant has earned sufficient wages to pay said alimony, but that defendant has willfully refused to pay said alimony, and this court finds that said defendant is in contempt of court for willfully refusing to pay said alimony." There was satisfactory and sufficient evidence to support the above finding.

The particular question here, however, arises upon the contention of defendant that the finding made by the court does not warrant or support the judgment of imprisonment which was entered against him. It is argued that a finding of present ability to comply with an order is an essential prerequisite to an order that the delinquent be imprisoned until he does comply. In support thereof the following cases are cited: Ex parte Silvia, 123 Cal. 293, 55 P. 988, 69 Am. St. Rep. 58; In re Cowden, 139 Cal. 244, 73 P. 156; *Lutz* v. *District Court,* 29 Nev. 152, 86 P. 445; Ex parte Hamberg, 37 Idaho, 550, 217 P. 264—to which may be added our own decision in *Hillyard* v. *District Court* (Utah) 249 P. 806.

The judgments considered in the cited cases were all coercive in form and purpose and intended to compel the payment of money by the delinquent, by an order of indefinite imprisonment until the payment was made. To sup-

port such a judgment in contempt it is clear that it should first appear that the act sought to be coerced was yet within the power of the person proceeded against to perform. It would be repugant to reason and futile to order a person imprisoned until he did some particular thing, unless he had the present ability to do it.

Comp. Laws Utah 1917, § 7067, provides that when a person is adjudged guilty of contempt, "a fine may be imposed on him not exceeding $200, or he may be imprisoned not exceeding thirty days, or both." The judgment in the present case cannot be supported under this authority, because it appears from the judgment itself that the court did not intend to punish the defendant for a contempt committed in the past, but intended only to render a judgment which would compel the defendant to comply with the court's order by paying the sum of money specified.

The evidence and findings of the court would justify the punishment of the defendant within the limits presented by section 7067, but we think the findings insufficient to sustain the order and judgment which the trial court did make and enter, for which reason that part of the judgment committing the defendant to imprisonment is reversed, and the cause is remanded for such further proceedings as may be appropriate not inconsistent herewith. No costs allowed.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.