## VANDER SCHUIT v. DANIELS et al.

No. 5075. Decided July 31, 1931. (1 Pac. [2d] 966.)

136

*J. E. Evans*, of Ogden, for appellants.

*John A. Sneddon*, of Ogden, for respondent.

STRAUP, J.

In an action, a divorce proceeding, wherein Ivy May Watson, now Ivy May Vander Schuit, was plaintiff and James R. Watson defendant, a decree in 1919 was rendered and entered in favor of the plaintiff dissolving the marriage relation existing between them and awarding her alimony. Watson having failed to pay the alimony as by the decree provided, the plaintiff in 1927 instituted proceedings in the district court requiring Watson to show cause why he should not be punished for contempt for failure to comply with the decree in such respect. A hearing was had upon which the court found that Watson was in arrears in making such payments to the amount of $1,801.20, ordered him to pay $600 at once, $600 in one year and the balance in two years, and that he be imprisoned until the first payment of $600 was made. From the order imprisoning him until he paid the first $600, Watson appealed. No appeal was prosecuted by him from any other portion of the judgment or order. In prosecuting his appeal he gave an undertaking with two

sureties, the defendants above named, Daniels and Fife. The undertaking was conditioned that Watson pay all costs adjudged against him on the appeal, not to exceed $300:

"And whereas said court has admitted said defendant to bail pending said appeal in the sum of $600.00, now therefore we further acknowledge ourselves further bound in the sum of $600.00 conditioned to the effect that said defendant will at all times hold himself amenable to the order of this court during the pendency of said appeal and should said appeal be dismissed or affirmed that he will surrender himself into the custody of this court in execution of said judgment and should he fail in either of these matters, we will pay to the plaintiff the sum of $600.00.

"W. K. Fife
"J. S. Daniels."

On the appeal this court, *Watson* v. *Watson*, 72 Utah 218, 269 P. 775, 776, for reasons there stated, held that the findings by the court below did not warrant or justify the order of imprisonment made and entered by the trial court, and thus, in July, 1928, reversed "that part of the judgment committing the defendant [Watson] to imprisonment," and remanded the cause "for such further proceedings as may be appropriate not inconsistent herewith." No costs were allowed. After remittitur, and in November, 1929, the plaintiff commenced this action in the district court on the undertaking against the defendants, the sureties, to recover the sum of $600 specified in the undertaking. On issues joined the case was tried to the court. The court found as to the order made by the district court in 1927 and as to the findings then made requiring Watson to pay $600 at once, $600 in one year, and $600 in two years, and that he be imprisoned until the first $600 was paid; the appeal taken by Watson and the giving of the undertaking, the reversal of the order as to the imprisonment, and remanding the case for further proceedings; that, after remittitur, the case was set for further proceedings and notice given to the attorney for Watson; that at the time so set, the plaintiff and her counsel appeared, but neither Watson nor his counsel appeared,

whereupon the court on motion of the plaintiff ordered the undertaking forfeited for failure of Watson "to surrender himself unto the custody of this court pursuant to the conditions and provisions of said bond on appeal"; that notice of such forfeiture was given the defendants, the sureties, and a demand made on them that they pay "the said sum of $600 pursuant to the demands of said bond on appeal"; that they failed to pay it or any part thereof, whereupon judgment was rendered against the defendants and in favor of the plaintiff in the sum of $600 together with interest and costs. The defendants appeal.

They say there was no breach of any of the covenants of the undertaking; that the appeal was from that part of the order or judgment imprisoning Watson until he paid the $600, that the undertaking was conditioned that upon the release of his imprisonment pending the appeal they undertook that Watson would at all times hold himself amenable to the court pending the appeal, that if the appeal was dismissed or the order appealed from affirmed he would surrender himself unto the custody of the court and in execution of the judgment and, if he failed to do so, the sureties, the defendants herein, promised to pay the plaintiff the sum of $600; but that the appeal so taken was not dismissed and the order appealed from not affirmed, but was reversed and the imprisonment held unwarranted and unjustifiable.

The plaintiff proceeded on the theory that the appeal prosecuted by Watson in effect was from the whole of the judgment adjudging the amount of arrears due for alimony and that the undertaking given by the defendants was in effect a supersedeas of the whole of the judgment. But it is apparent, and as is seen by the opinion in *Watson* v. *Watson*, the appeal was only from that portion of the order imprisoning Watson until he paid the first payment of $600, and that the clear purport of the undertaking was that on the condition of Watson's release pending the appeal, the sureties undertook that if the appeal was dismissed or if the order of imprisonment was affirmed, Watson would

surrender himself up unto the custody of the court and in execution of the order of imprisonment, and upon his failure to do so the sureties would pay the plaintiff the sum of $600. That was their contract which defined and limited their obligation. And since the appeal was not dismissed, and the order of imprisonment appealed from not affirmed but was reversed and vacated, there were no covenants of the undertaking broken and no liability thereunder incurred. 4 C. J. 1273, § 3360.

The plaintiff further seems to indicate that inasmuch as this court in reversing and vacating the order of imprisonment appealed from, in view of section 7067, Comp. Laws Utah 1917, suggested that upon the evidence the court might or could have imposed a fine of $200 and an imprisonment not to exceed thirty days, but that the court did not proceed on such theory and did not make or render that kind of an order or judgment, and since this court remanded the case for further proceedings not inconsistent with the opinion of this court, the sureties became liable on their undertaking, if the defendant failed to appear in the cause and hold himself amenable to whatever further proceedings might be had therein. A complete answer to that is such is not the purport of the undertaking.

The judgment of the court below is therefore reversed, and the cause remanded with directions to dismiss the action. Costs to the appellants.

CHERRY, C.J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.