# DE YONGE v. DE YONGE.

No. 6583.   Decided April 8, 1943.   (135 P. 2d. 905.)

*C. E. Norton,* of Salt Lake City, for appellant.

*C. Vernon Langlois,* of Salt Lake City, for respondent.

WADE, Justice.

Roelof De Yonge, hereinafter called the appellant, commenced divorce proceedings against his wife, Catherine De Yonge. She filed a cross-complaint. On July 8, 1939, the court granted her the divorce and ordered him to pay $10 per month alimony and $10 per month for each of their minor children. Appellant failed to make any payments after August 29, 1941, whereupon the court issued an order to show cause why he should not be held in contempt of court for failure to comply with the order. On November 16, 1942, a hearing was held at which appellant was present and testified. The court found appellant guilty of contempt, sentenced him to serve 15 days in the county jail and to pay his former wife $25 for attorney's fees.

From this judgment appellant appeals.

Appellant assigns as error the judgment of the court finding him guilty of contempt because the affidavit upon which the proceedings were based did not state facts sufficient to constitute a cause of action for contempt and the court exceeded its jurisdiction when it issued the order to show cause because the affidavit failed to aver that appellant was able to pay or that he wilfully refused to pay.

The affidavit upon which the order to show cause issued, in substance and effect averred that a decree of divorce was granted appellant's former wife, Catherine De Yonge, wherein it was ordered that he pay certain amounts to her as alimony and for the support of their minor children; that since August 29, 1941, appellant had failed to make these payments. It then prayed that an order issue requir-

ing appellant to appear and show cause why he should not be found in contempt for failure to comply with the order of the court in the divorce decree.

We find no merit to appellant's contention. It is not necessary to aver in the affidavit the ability to pay. *State v. Grover,* 158 Or. 635, 77 P. 2d 430. The "affidavit is sufficient if it states the acts done or omitted in violation of the order of court." *Ex parte Pillsbury,* 69 Cal. App. 784, 232 P. 725, 727; *Utah Power & Light Co. v. Richmond Irr. Co. et al.,* 80 Utah 105, 13 P. 2d 320. Ability to pay is a matter of defense and the burden of proof is upon the defendant in the contempt proceeding. *Ex parte Pillsbury,* supra; 40 A. L. R. 550.

At the hearing appellant testified that he was engaged in the real estate business; that his gross earnings for the period commencing January, 1942, and ending November, 1942, were approximately $1,700; that his net earnings were somewhat less than $600; that he lived in a back room of his business establishment; that his earnings were insufficient to pay the alimony and support money as ordered by the court, but admitted that he paid the gas, light and telephone bills in a house occupied by a friend.

The court then proceeded to make the following findings of fact and conclusions of law:

"1. That a decree of divorce was entered on the 18th day of July, 1939, in the above matter, wherein plaintiff was ordered to pay to defendant the sum of $30.00 per month alimony and support money.

"2. That the plaintiff has made no payment thereon since the month of August, 1941, and that there is now past due, owing, and unpaid from plaintiff to defendant the sum of $600.00 on said alimony and support money.

"3. That the plaintiff has earned since January 1, 1942, in excess of $1700.00.

"4. That it was necessary for defendant to employ an attorney to represent her in this matter.

"From the foregoing Findings of Fact, the court makes the following

"Conclusions of Law

"1. That plaintiff is in contempt of court.

"2. That plaintiff should be sentenced to a term in the county jail of Salt Lake County, State of Utah, for failure to obey the order of this court.

"3. That defendant is entitled to a reasonable attorney's fee incurred herein in the sum of $25.00."

It will be noted that the court failed to make a finding of fact that appellant was able to pay or that he wilfully and contumaciously refused to obey the order of the court. This court has held that a judgment for contempt for failure to comply with an order of the court must, where findings of fact are not waived, be based upon a finding of fact that the appellant is able to pay or that he wilfully refuses to comply with the order. In the absence of such a finding the judgment is void. *Hillyard* v. *District Court of Cache County,* 68 Utah 220, 247 P. 806; *Ex parte Gerber,* 83 Utah 441, 29 P. 2d 932; *Parish* v. *McConkie,* 84 Utah 396, 35 P. 2d 1001.

In the instant case findings of fact were not waived. The court might well have disbelieved appellant's testimony in regard to his capacity to pay but in the absence of a finding as to his ability to pay we have no alternative but to reverse the judgment.

Judgment reversed.

WOLFE, C. J., and LARSON, McDONOUGH, and MOFFAT, JJ., concur.