GILCHRIST v. LOWRY et al.

No. 31603. April 10, 1945.

Rehearing Denied June 12, 1945.

*159 P. 2d 261.*

Falkenstine & Fisher, of Watonga, for plaintiff in error.

E. Blumhagen, of Watonga, for defendants in error.

538

PER CURIAM. This is an action brought by Grace Gilchrist against Richard Lowry, as principal, Alvin Lowry, Jessie Lowry and O. L. Headberg, as sureties, to recover on a supersedeas bond. The trial court rendered judgment in favor of defendants. Plaintiff appeals. The parties will be referred to herein as they appeared in the trial court.

The facts in the case are, substantially, these: On the 23rd day of November, 1920, Grace Lowry, now Gilchrist, obtained judgment against her husband, the defendant herein, for divorce. Thereafter, on April 3, 1925, the court in which the divorce was granted, on application of the plaintiff, rendered judgment against the defendant Richard Lowry for the recovery of the sum of $2,000 to be paid yearly until further order of the court for the support of the minor children of the parties to the divorce action, custody of whom had been awarded to the plaintiff herein in that action. Defendant defaulted in the yearly payments awarded plaintiff for the support of the children in that action, and thereafter contempt proceedings were instituted against defendant for his failure to comply with such order and judgment. Contempt proceedings were tried October 11, 1939, and the verdict of the jury found defendant guilty. The court pronounced sentence against defendant for contempt of court. The judgment imposing the sentence, after reciting the finding of the jury and the willful failure and negligence of the defendant to pay the installments for the support of the minor children as ordered under the judgment rendered April 3, 1925, found that defendant at that time was in arrears in his payments on such judgment in the sum of $2,000 and costs taxed at $79.45. The judgment then provided:

"It is, therefore, considered, ordered, adjudged and decreed by the court, that the said defendant, Richard Lowry, be confined in the County Jail at Watonga, Blaine County, Oklahoma, for a period of ninety days, for indirect civil contempt of court by him committed, said term of sentence to begin then and from the date of his delivery to the Sheriff of Blaine County, Oklahoma, unless the defendant, Richard Lowry, sooner purge himself of contempt by paying to the Court Clerk of Blaine County, Oklahoma, the sum of $2000.00 in accordance with the order of this court made on the 2d day ,of April, 1925, and costs taxed at $79.45, for which execution is awarded.

"It is further ordered, adjudged and decreed by the court that the Sheriff of Blaine County, State of Oklahoma, commit said defendant, Richard Lowry, to the County Jail of Blaine County, Oklahoma, and that he confine said defendant, Richard Lowry, in the County Jail in accordance with this judgment, and that the Clerk of this Court do immediately certify with the Seal of said Court and deliver to the Sheriff aforesaid, one copy of this Judgment and order of confinement, said copy to be warrant and authority for confinement of said defendant in said County Jail.

"Thereupon, the court notified the defendant of his right of appeal."

This judgment finding the defendant guilty of indirect contempt and imposing sentence upon him on appeal by defendant was reversed by this court. Lowry v. Lowry, 189 Okla. 650, 118 P. 2d 1015. Defendant in order to stay proceedings during the pendency on appeal in the contempt case executed a supersedeas bond, which bond, among other things, recited, whereas, on the 5th day of October, 1939, a verdict was rendered against defendant adjudging and decreeing him guilty of indirect contempt for failure to pay the sum of $2,000 adjudged to be due and delinquent under order entered April 3, 1925, for the payment of money for child support; and, whereas, pursuant to said verdict said defendant was ordered confined in the county jail of Blaine county, Okla., for a period of 90 days or until the said sum of $2,000 and costs is paid. The bond then recited that defendant had commenced proceedings in error in the Supreme Court of the state to reverse and vacate such judgment and sentence. The obligation of the bond recited that the principal and sureties therein bound themselves to the plain-

tiff in the sum of $2,100; that defendant would comply with said judgment appealed from and pay the condemnation money and costs in the event said judgment should be affirmed in whole or in part by the Supreme Court of the state.

The plaintiff throughout bases her case on the theory that the judgment in the contempt proceedings constituted a judgment in part for the recovery of money and in part a judgment finding defendant guilty of contempt and imposing a sentence upon him; that the plaintiff appealed from the entire judgment but that after the appeal was taken and after the supersedeas bond was executed, the defendant abandoned in the Supreme Court his appeal from that portion of the judgment rendered against him for the recovery of money, and that by reason of abandonment of such appeal notwithstanding this court reversed the judgment finding defendant guilty of contempt, such judgment amounted to an affirmance of the judgment rendered against defendant for the recovery of money and that the sureties executing the supersedeas bond were liable for the amount of such judgment under the terms of their bond.

The trial court sustained the contention of plaintiff as to the construction of this judgment, and in fact made a specific finding that the judgment in the contempt proceeding constituted in part a judgment for the recovery of money, but after making such finding concluded that that part of the judgment in the contempt proceeding rendered for the recovery of money was not attacked in the Supreme Court, and that there was therefore no affirmance of that part of the judgment by this court; and further concluded that defendant by failure to pay the money judgment rendered in such proceeding did not violate any of the conditions or covenants of the bond and entered judgment in favor of the defendant. This view finds some support in the case of Vander Schuit v. Daniels, 78 Utah, 135, 1 P. 2d 966.

Counsel for defendant assails the finding of the trial court that the judgment rendered in the contempt proceeding constituted in part a judgment for the recovery of money, and asserts that there was but a single judgment rendered in that case, and that was a judgment finding the defendant guilty of contempt and pronouncing sentence upon him; that it was essential the court should find defendant in arrears on the money due for the support of plaintiff's minor children under the judgment rendered April 3, 1925, before sentence could be pronounced upon him for contempt of court, and that such recitation in the judgment did not constitute a judgment for the recovery of the sum of $2,000 against him; that such judgment was rendered in the prior action, and that the contempt proceeding was brought for the purpose of enforcing the payment of the amount awarded in that action; that upon reversal of the judgment on appeal to this court the sureties on the supersedeas bond were exonerated.

We agree with the contention of the defendant. The plaintiff in the contempt proceeding did not ask for a money judgment. In her amended citation for contempt she simply asked that an attachment be issued and that the defendant be brought before the court and be required to show cause why he should not be punished for contempt of court for failure to comply with the order made on the 3d day of April, 1925. The only issue presented in the contempt case was as to whether or not defendant had willfully violated the order of the court made on that date, and the only judgment rendered against defendant was a judgment finding him guilty of contempt of court and pronouncing sentence upon him.

The supersedeas bond contained no recitation that judgment was rendered against defendant for the recovery of the sum of $2,000 or any other sum and that defendant had appealed from such judgment, but only recited that defendant had been found guilty of contempt, that sentence had been imposed upon

him by the court setting forth terms thereof, and that he had appealed from such judgment and sentence.

It is therefore our conclusion that upon reversal of the judgment of the trial court finding defendant guilty of contempt, the sureties were exonerated. Vander Schuit v. Daniels, supra.

Plaintiff, however, contends that since the trial court found the judgment rendered in the contempt proceeding constituted in part a judgment finding the defendant guilty of contempt of court and in part a judgment for the recovery of money, that defendant is bound by such finding, that he filed no appeal from such portion of the judgment and cannot be heard to say in this court that such finding is erroneous. This contention cannot be sustained. Defendant, without filing a cross-appeal or cross-petition in error, could assail the correctness of such finding for the purpose of upholding the judgment rendered in his favor. A correct judgment will not be reversed simply because it was rendered on an erroneous theory. In the case of American Nat. Bank v. Ardmoreite Publishing Co., 123 Okla. 225, 253 P. 81, this court said:

"The successful party may, without cross-appeal or assigning errors, save the judgment by showing that errors were committed against him below which, if corrected, will make the result reached below a correct result."

To the same effect are the cases of Nowata Oil Syndicate v. Commercial Nat. Bank, 136 Okla. 123, 276 P. 723, and Naill v. Order of United Commercial Travellers, 103 Okla. 179, 229 P. 833.

Since the trial court arrived at the correct conclusion, its judgment must be and is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.