## HOLBROOK v. HOLBROOK.

No. 7296.   Decided August 2, 1949.   (208 P. 2d 1113.)

See 27 C. J. S., Divorce, sec. 321. Disobeying alimony agreement as contempt, see note, 154 A. L. R. 443. See, also, 17 Am. Jur. 506.

*Pugsley, Hayes & Rampton,* Salt Lake City, for appellant.

*Keith Browne,* Salt Lake City, for respondent.

PRATT, Chief Justice.

On May 11, 1948, plaintiff and respondent, Louise Holbrook, obtained a divorce from defendant and appellant, Merrill Holbrook. Mrs. Holbrook was awarded the custody of four minor children of the marriage, and by stipulation between the parties, was awarded the following property and support money settlements:

A total of $150 per month, payable $75 on the 5th and 20th of each month commencing with the month of May, in payment of $37.50 per month for the support of each of the four minor children; $7,500 cash down, and $2,500 in two years in payment for the home which was awarded

to Mr. Holbrook, said sums to be used by Mrs. Holbrook to purchase a new home; the household furniture, including the electric range; $200 in cash or credit at the Union Furniture store of Bountiful, as an alternative for the carpeting in the home which was awarded to Mr. Holbrook; and $225 attorneys fees and costs.

Mr. Holbrook was awarded the home; 12 shares of stock in a mortuary, which stock stood in the plaintiff's name; and all interest in stock purchased or being purchased in a furniture company and mortuary, which stock was being purchased for the sum of $3,600.

The court found that Mr. Holbrook was earning a salary at that time of $300 per month.

The defendant, Mr. Holbrook, was ordered to pay to each of the children, $1,000 when the children's bonds that he cashed would have matured.

He was ordered to make his payments of $150 support money to the Clerk of the Court of Davis County.

On January 11, 1949, upon an order to show cause, issued against Mr. Holbrook, and upon his petition for modification of the decree, the parties again appeared in court. Testimony was taken, showing among other things that defendant was behind in his payments; and that since the decree Mrs. Holbrook had acquired work which paid her approximately $175 per month. It is upon this latter fact that appellant founds most of his contention that circumstances have changed entitling him to a modification of the decree to $80 per month for the support of the children. The lower court stated he would not consider this fact, and that he would limit his decision to a change in status of the defendant or of the children.

For some reason not apparent from the record, no formal findings of fact, conclusions, nor decree were made upon the petition for modification of the decree. The following minute entry appears in the record, signed by the Judge of

the Trial Court, apparently to stand for the findings of fact and order:

"And the Court being sufficiently advised finds that the defendant was able to have paid the sums assessed against him according to the decree, that he wilfully neglected and failed to pay $645.00 of the sum so assessed, therefore, the defendant is found in contempt of court, and is sentenced to serve 30 days in the County Jail, sentence to be suspended upon the payment of $645.00 to the Clerk of the Court. Stay of 48 hours is granted by the court.

"Motion for reduction in alimony is denied at this time."

Appellant's first assignment of error is this: ■

"The court erred in its finding that the appellant herein had received $435.00 per month during the period between the entry of the divorce decree and the hearing on the contempt proceedings."

There is no such finding of fact made; but at the end of the hearing the Court stated this, in open court:

"It appears you received four hundred thirty-five dollars a month less the expense on the house * * *."

Apparently this was a total of $300 per month salary and $135 rent received from the house. However, it appears from the testimony that this home had been conveyed to Mr. Holbrook's mother in order for him to raise the $7,500 cash required to be paid to Mrs. Holbrook for the home by the decree of divorce. It may be the court had in mind that the $135 of the $435 would have to go to the loan on the home, when he used the expression "less the expense on the house." Be that as it may, it does appear that Mr. Holbrook was still getting a salary of $300—a sum from which he thought he would have sufficient income to stipulate for the payment of $150 per month for the children. Obviously, when he so stipulated, he knew that some form of loan would have to be obtained in order to make the $7,500 cash payment. Such a loan would have to be paid back. He is hardly in a position to put forth that state of affairs as indicative of a basis for relief from the decree. We see no prejudicial error in the Court's statement.

Appellant's second assignment of error is this:

"The court erred in holding the appellant herein in contempt for failure to pay the sum of $645.00 in the absence of a finding on the part of the court that the appellant was able to pay such amount."

We have quoted the signed minute entry above. The statement made by the court in open court corresponds to that entry except for the line "stay of 48 hours is granted by the court."

What is the purpose of this punishment? In the case of *Foreman* v. *Foreman*, 111 Utah 73, 176 P. 2d 165, we discussed this question from the standpoint of whether the purpose of the contempt proceedings was to vindicate the power of the court, or was to further the interests of the opposing litigant. We shall not repeat that here.

The affidavit upon which the order to show cause was issued leading up to this contempt order asks for defendant's punishment for wilfull disobedience of the court order.

"Civil contempt proceedings are those instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made for the benefit of such parties." 12 Am. Jur. p. 392, Sec. 6.

It seems fair to say that plaintiff believed that if the defendant were punished, he would make a better effort to live up to the decree. In granting such relief, particularly where the condition of payment, and the stay are attached, the reasonable conclusion at which to arrive is that it was intended as coercive. Under such circumstances, a finding of ability to pay when payments were due was required. *De Yonge* v. *De Yonge*, 103 Utah 410, 135 P. 2d 905.

Was there such a finding? We believe there was, although it is, to say the least, extremely informal. The minute entry signed by the Trial Judge recites this:

"The court, being sufficiently advised, finds that the defendant was able to have paid the sums assessed against him   *   *   *."

There is one more point to consider in line with the discussion of this contempt order as civil. It does not appear that the order was intended to keep the defendant incarcerated until he paid the $645. *Watson* v. *Watson,* 72 Utah 218, 269 P. 775. His sentence was limited in time. Therefore, Section 104-45-12, U. C. A. 1943, allowing incarceration until performance is accomplished, is not applicable; and proof of the ability to perform at the time of the order to jail for contempt was not a necessary condition to imposing that order.

Appellant's third assignment of error is this:

"The court erred in holding that changed financial circumstances on the part of a mother are not such changed circumstances as may justfiy the modification of an order for the payment of support money for minor children."

At the hearing upon this order to show cause and upon the petition for modification of the decree, it was proved that Mrs. Holbrook was working and receiving $175 per month. It was also shown that Mrs. Holbrook had purchased a home for some $13,000, using the $7,500 cash received from Mr. Holbrook; and presumably intending to use the $2,500 when received, for that purpose too—as authorized by the decree.

We see nothing in these facts that would justify the court modifying the allotments to the four children. The $150 was for their support, not the support of the mother. Naturally the mother would have to support herself. This she proceeded to do. It would seem strange to permit the husband and father to force her into such a situation, then to take advantage of it to escape his liabilities without showing some change for the worse in his ability to meet his obligations. He stipulated what he could do under circumstances such as here and so far as his status is con-

cerned, there has been no change that would justify a reconsideration of his abilities.

We find no prejudicial error in the case. The decision of the lower court is affirmed.

Costs to the respondent.

WADE, LATIMER and McDONOUGH, JJ., concur.

WOLFE, Justice (concurring in the results).

I concur in the results.

Referring to the discussion under the second assignment of error, I cannot see what plaintiff's belief as to the effect of punishing the defendant has to do with the nature of the contempt; nor do I think a stay of 48 hours is indicative of its being a civil rather than a criminal contempt. Even if the jail sentence were not conditional but absolute, a short stay might be given in order to allow the party to get his affairs in shape before the incarceration.

I think the purpose of the court in imposing the sentence was clearly to coerce the defendant to pay the support money to the children in full. The expression of the trial court on his ability to do so bears that out. I am unable to see how the court could accomplish a vindication of its authority and dignity if there was a flaunting of the same by the defendant and if the defendant were permitted to absolve himself from such a contempt by paying his back alimony. Hence, I think the clear purpose of the court was to enforce or coerce payment of support money, which purpose makes it a civil contempt under the peculiar nomenclature which has developed. I place my concurrence in respect to the overruling of this assignment of error on the grounds above stated.

I agree that Sec. 104-45-12, U. C. A. 1943, is not applicable. At first blush the statement reading

"and proof of the ability to perform at the time of the order to jail for contempt was not a necessary condition to imposing that order"

appears to me inconsistent with the statement earlier made reading

"under such circumstances a finding of the ability to pay when payments were due was required.'

But the reader will on close reading note that one pertains to the ability to pay at the time the payments were due whilst Section 104-45-12 refers to the defendant's financial condition at the time the order was made.

As to the third assignment of error: I agree that under the circumstances of this case the court did not abuse its discretion in refusing to modify the amount of money payable for the support of the children, although the amount of $150 was probably stipulated on the assumption that the mother would stay home and care for them. However, I would not want my agreement to this part of the opinion to be construed to mean that a change in the mother's financial condition for the better can never be a ground for relief of the divorced father from support money stipulated or imposed by the court after hearing. When one spouse has come into considerable money it may be justifiable to cast on him or her an obligation to assume some of the support of the children or to relieve the other of the obligation to pay the amount stipulated or imposed by the court, even though the financial circumstances of the latter have not changed for the worse. Each spouse owes a duty to support the children of the marriage; the father owes the primary duty. But in this case the mother would probably be required to pay a portion of her earnings for the care of the children. She did not come into a substantial inheritance. She may by using her abilities to increase her income have been in a better position to support herself and all the children than she would have been to rely simply on the support money he agreed to pay, even though she might be required to pay some one for tending the children. The trial court was in much the better position to judge this than are we.