Charles Robert BATES, Plaintiff and Respondent,

v.

Geneva Carol BATES, Defendant and Appellant.

No. 14556.

Supreme Court of Utah.

Feb. 3, 1977.

---

4.  *Stewart v. Sullivan*, 29 Utah 2d 156, 506 P.2d 74; *Ney v. Harrison*, 5 Utah 2d 217, 299 P.2d 1114; *Dixon v. Dixon*, 121 Utah 259, 240 P.2d 1211.

George H. Searle, Salt Lake City, for defendant and appellant.

Jed W. Shields, Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

In April, 1974, the parties were divorced. There were four children born as issue of the union and at the time of the divorce were 8, 13, 14 and 19 years of age. The custody of these children was given to their father, the plaintiff. The defendant was awarded alimony in the amount of $150 per month and certain visiting rights with her children.

The plaintiff failed and refused to pay alimony upon the grounds that he believed the defendant was married to another man. He stipulated that $1,950 back alimony had accrued and was unpaid. The defendant contended that the amount was $2,175.

The evidence showed that the defendant had received injuries from a fall and was still under a doctor's care and had not been released for work. The evidence also showed that she left her work in Wyoming and went to Missouri for the purpose of marrying a man, but the marriage did not take place. Thereafter, she returned to her work in Wyoming, but the plaintiff, a truck driver, would stop at her place of employment and harass her to such an extent that she finally left and went to Idaho.

The evidence further showed that defendant was living in one side of a home owned by a gentleman acquaintance of hers but that they had separate outside entrances to their respective quarters; that they had separate baths and bedrooms and did not live together. His Honor, the trial judge, found and adjudged as follows:

The defendant was sworn and testified and was examined by respective counsel for plaintiff and defendant, and by the court; and the court being fully advised in the premises, the court did find that the defendant has been residing with a man in the State of Idaho for a period of approximately one (1) year, and said defendant advised the court that she was not ready to get married at this time; and based upon the defendant's testimony, and the court being fully advised, it is hereby

ORDERED, ADJUDGED AND DECREED

1. That a judgment for alleged past due alimony is not awarded to the defendant and, so long as the defendant shall reside with another man, plaintiff Charles Robert Bates shall be relieved of

any obligation to pay alimony to the defendant.

2. That this court shall reserve jurisdiction over the question of visitation rights to the defendant, and, until there is a showing by the defendant to the court that there has been a change of circumstances the children of the parties shall not be required to visit their mother, and this order shall remain in effect until further order of the court.

3. Attorney's fees are not awarded to defendant's attorney for the hearing of this matter.

The defendant testified that the owner of the house where she lives was away from home all but one, two or three days a month; that she paid him such rent as she could and cleaned his side of the house for additional part payments of the rent. She is not on welfare; however, the court stated:

Now, you don't need to tell me that any person has to live under those circumstances to make a living. She can live on her own; and if she can't work, the welfare system in this country is such the welfare will give her something even though she doesn't work . . . . .

One of the problems society has to face is that of making a delinquent husband support those legally dependent upon him so that the taxpayers through welfare payments do not have to assume his burden. Who can say where the defendant would be living if the plaintiff had paid his honest debt to her?

■ It ill behooves a court to relieve a defaulting plaintiff from paying his obligation because his ex-wife may be forced to live a life which is not approved of by the *judge,* and which lifestyle is a result of not being able to collect her legal entitlements. This is especially true when the plaintiff

has made no motion to be relieved of the obligation to pay.

■ The law of this state is clear: Installments of alimony become vested when they become due, and the court has no power to modify the decree as to them. Thereafter, interest accrues at the legal rate.[1]

The trial court erred in refusing to reduce the accrued and unpaid alimony installments to judgment.

Ordinarily the matter of visiting rights with children lies within the sound discretion of the trial judge. In this case the matter was postponed and so we do not now interfere with his ruling in that matter. We do suggest, however, that since one of the children is now of legal age, the original ruling that all children must visit at the same time would seem to be in need of revision.

■ Since the defendant was compelled to appeal an order which, to us, seems so patently erroneous, we think she is entitled to an attorney's fee, both on this appeal and at the hearing below.

The matter is reversed and remanded for the purpose of having a determination made of a reasonable fee for defendant's attorney and for calculation of the amount of alimony and interest thereon due, and that judgment be entered in accordance with this decision. Costs are awarded to the appellant.

CROCKETT, MAUGHAN and HALL, JJ., concur.

WILKINS, J., concurs in result.

---

1. *Myers v. Myers,* 62 Utah 90, 218 P. 123 (1923); *Cole v. Cole,* 101 Utah 355, 122 P.2d 201 (1942).