June Marlene THOMAS, Plaintiff and Respondent,

v.

Harry Edward THOMAS, Defendant and Appellant.

No. 14503.

Supreme Court of Utah.

Sept. 23, 1977.

---

3. Id.; *Leithead v. Adair*, 10 Utah 2d 282, 351 P.2d 956 (1960); *Coombs v. Perry*, 2 Utah 2d 381, 275 P.2d 680 (1954).

Ronald C. Barker, Salt Lake City, for defendant and appellant.

Jay D. Edmonds, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant, Harry Edward Thomas, appeals from an order sentencing him to 30 days in jail for contempt of court for failure to comply with a divorce decree in which he was ordered to deliver to Plaintiff, June Marlene Thomas, ten shares of stock in Ute Distributing Company.

The decree was entered April 23, 1970. Among a number of things, not material here, defendant was ordered to deliver to plaintiff the aforementioned stock. On June 26, 1974, the defendant was before the court in response to an order to show cause why he had not delivered the stock. The trial judge took the matter under advisement. On July 12, 1974, there was recorded a minute entry of his decision that "the court concludes plaintiff is entitled to an order ordering defendant to deliver to her within 10 days from the date of the order herein 10 shares of stock of Ute Distributing Company." This was implemented by written Findings of Fact and Judgment signed and entered on January 3, 1975.

Again on January 23, 1976, the defendant was before another division of the district court in response to a similarly based order to show cause. It was stipulated that the stock had not been delivered. Defendant moved to dismiss on the ground that the plaintiff had failed to show that he had the ability and wilfully failed to deliver the stock. The court heard testimony on that day and also on January 30, 1976, concerning various transfers of stock of three corporations, Ute, Titan, and Eagle, which seem to be owned by the defendant's family.

At the conclusion of the testimony, the court took the matter under advisement. In a memorandum decision dated February 9, 1976, the judge stated: "Defendant's own lack of recollection of facts relating to the foregoing matters made it difficult to ascertain reasons for the transfers related or his connections therewith, but it is apparent that he has not complied with the court's order of January 3, 1975, and he has failed to satisfy me that he is not in contempt of this court. I thus find that he is in contempt of court . . . ." There are no further findings of fact, conclusion of law or written order or judgment in the record, except a minute entry of March 2, 1976, that: the court orders "defendant to serve 30 days in jail."

In addition to the defendant's above-stated contention that it is not shown that he had the ability and wilfully refused to deliver the stock, the defendant attacks the jail sentence imposed upon him on the ground that it is without a foundation in written findings and judgment.

 The soundness of defendant's contention that there must be written findings and judgment relating to such a contempt

is not to be questioned.[1] However, we also agree with the plaintiff's rejoinder that the trial judge's memorandum decision can be regarded as findings of fact.[2] But this is of course limited to such findings as are recited therein.

It is true, as plaintiff contends, that where there is a judgment that a party do an act, such as to deliver stock or a deed, which judgment stands unattacked, it is presumed that the party has the ability to perform;[3] and that a complainant makes a prima facie case of contempt by showing failure to comply with the judgment. But where there is evidence concerning justification for the failure, the ultimate burden of proving that the party charged is in contempt is on the complainant.[4] In that regard there are certain principles concerning contempt which should be considered.

Under what we regard as a view more enlightened than prevailed in former times, the mere failure to pay a debt or meet an obligation is not punishable by imprisonment.[5] However, when a proper order or judgment has been made, one who stands in wilful defiance or disobedience thereof may be found in contempt of court and punished by imprisonment. This is a necessary power of the court in order to enforce its orders and judgments. Such procedure provides an effective aid in administering justice by giving effect to the judgment; and it has the adjunctive purposes of punishing a contumacious offender, and of warning others not to so offend.

Although technically civil in nature, the finding of a person in contempt and sentencing him to jail is of very serious consequence to the person involved, somewhat akin to a criminal penalty. It is for this reason that such a severe measure is not permissible unless a party has manifested such obstinacy in disobedience of the court order that it is necessary to accomplish that which equity and justice demand. Accordingly, in order to justify a finding of contempt and the imposition of a jail sentence, it must appear by clear and convincing proof that: (1), the party knew what was required of him; (2), that he had the ability to comply; and (3), that he wilfully and knowingly failed and refused to do so.[6]

The memorandum decision above referred to contains a somewhat extensive exposition: concerning stock transfers between the defendant and three corporations (Ute, Titan, Eagle) in which he was involved; the position of his daughter as secretary of Ute Distributing, who at times also acted on behalf of Titan and Eagle; and the ownership in Ute of defendant's two half brothers. One of the significant recitals therein is that "these certificates [representing the ten shares of stock in Ute Distributing Company in question here] were canceled on September 22, 1969, and a new certificate for 23 shares was issued in defendant's name as custodian for his two minor sons by a previous marriage. . . ."

It is not spelled out that he thus became trustee of the stock, with the beneficial interest therein vested in the sons, but that seems to be the fair import of that recital. It is significant to note that this occurred in September of 1969 whereas the divorce was not granted until April of 1970; and thus the defendant would have been divested of the stock in question before the divorce decree and the subsequent order thereon, hereinabove referred to. More

---

1. That written findings are necessary to support a judgment, see Rule 52(a), U.R.C.P.; and as to contempt see *Parish v. McConkie,* 84 Utah 396, 35 P.2d 1001.

2. *Sprague v. Boyles Bros. Drilling Co.,* 4 Utah 2d 344, 294 P.2d 689; *Life Savers Corp. v. Curtis Candy Co.,* 182 F.2d 4 (C.A.7, 1950).

3. See 17 C.J.S. Contempt Sec. 84(2).

4. 17 C.J.S. Contempt Sec. 84(2), cases cited at n. 66.

5. Sec. 16, Art. I, Utah Const. provides that "There shall be no imprisonment for debt . . . ."

6. 17 C.J.S. Contempt 84(4) and cases cited at n. 94; and see *Powers v. Taylor,* 14 Utah 2d 118, 378 P.2d 519, wherein we used the phrase "clear and satisfactory" proof.

specifically, there is no express recital therein that after those dates the defendant had the stock, nor that he had the ability to transfer them to the plaintiff, nor that he wilfully failed and refused to do so. Accordingly, whatever else may be said about the memorandum decision being regarded as findings, it cannot be concluded that there is any clear and satisfactory showing that after the entry of the divorce decree, or the subsequent order thereon, the defendant had owned the stock in question and wilfully failed and refused to transfer them. What has just been said about the insufficiency of findings is equally true as to the lack of a written judgment based thereon.

We deem it important to observe that what has been said herein relates only to the issue of the defendant's alleged contempt and the jail sentence thereon. It is not to be understood as relieving the defendant from the duty imposed upon him of delivering the stock to plaintiff, or as depriving the plaintiff of her entitlement to the stock, or to any damages she may have suffered by the defendant's failure to deliver it in accordance with the divorce decree.

On the basis of what has been said herein, it is our conclusion that because there are no adequate written findings or judgment, the judgment that the defendant is in contempt and the sentence of 30 days thereon cannot be sustained; and they are therefore vacated. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.