Billie J. COLEMAN (Scarcella), Plaintiff
and Respondent,

v.

Harold S. COLEMAN, Defendant
and Appellant.

No. 18730.

Supreme Court of Utah.

March 22, 1983.

Richard L. Bird, Salt Lake City, for defendant and appellant.

M. Richard Walker, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals from an order and judgment of the district court finding him in contempt of court for failure to pay alimony, and granting judgment in favor of plaintiff for delinquent alimony of $3,000, and attorney's fees of $200. We affirm.

A judgment was entered December 3, 1981, by which defendant was ordered to pay $1,500 each month to plaintiff as alimony. On July 2, 1982, plaintiff caused an order to show cause to issue, requiring defendant to appear and show cause why he should not be held in contempt of court for failure to pay the alimony. Plaintiff filed a regular form affidavit in support of this order to show cause, in which she stated that defendant had paid no alimony for the months of May and June, 1982; that the total past due was $3,000 and that defendant had the ability to pay, but willfully failed and refused to do so. She did not fill in blanks provided in the form for the amount of defendant's income, or any other assets or sources of income available to him.

At the hearing on the matter, plaintiff offered as evidence, copies of the records kept by the district court clerk showing that alimony for the two months of May and June had not been paid.[1] Defendant stipulated that the photocopy was a record kept by the alimony clerk, but did not stipulate as to the amount which was in fact unpaid. He then refused to present any evidence to show the amounts paid, as he said he had filed bankruptcy, and the court had no authority to enter a money judgment against him in view of the automatic stay in bankruptcy proceedings provided for in 11 U.S.C. Section 362(a). He further stated that if a money judgment were requested, he was not prepared to proceed on the contempt matter. Accordingly, the court found on the basis of evidence presented by plaintiff, that defendant was delinquent in payment of alimony for the months of May and June, 1982, and entered judgment in favor of plaintiff in the amount of $3,000. The court further found defendant in contempt of court for having failed to pay, and having failed to produce evidence of any valid reason for his failure to pay. Defendant was sentenced to serve 30 days in the Salt Lake County jail, which has since been stayed pending this appeal.

Defendant contends that the contempt judgment should be vacated by this Court because (1) the court placed the burden of proving his inability to pay on defendant, (2) the evidence does not support the judgment, and (3) the written findings do not support the judgment. Defendant further argues that the money judgment should be vacated because he had no opportunity to prepare to defend against a money judgment, and because the judgment violates the bankruptcy stay.

 For his first point, defendant relies on *Thomas v. Thomas,* Utah, 569 P.2d 1119 (1977), in which this Court held that a finding of contempt and the imposition of a jail sentence must be supported by clear and convincing proof that (1) defendant knew what was required, (2) that he had the ability to comply, and (3) that he willfully and knowingly failed and refused to do so. We reaffirm that rule. Defendant is mistaken, however, that it is plaintiff's burden to prove these three elements. An order to show cause is an order from the court, directed to the *defendant* to appear and show cause why he should not be held in contempt for willfully disobeying the previous order of the court. While it is true that an order to show cause will not issue except upon an affidavit that a party has

---

1. Defendant had made payments of alimony through the clerk of the court, who keeps records of such deposits and forwards the same to the recipient.

violated or disobeyed the court's orders, once issued, the burden is on the defendant to present evidence with respect to the three elements stated in *Thomas, supra*. In *DeYonge v. DeYonge,* 103 Utah 410, 135 P.2d 905 (1943), this Court stated:

> The "affidavit is sufficient if it states the acts done or omitted in violation of the order of the court." [Citations omitted.] Ability to pay is a matter of defense and the burden of proof is upon the defendant in the contempt proceeding.

135 P.2d at 905, 906.

Defendant's argument that the court was in error in placing the burden of proof on him is thus without merit.

■ Defendant's second point is likewise without merit. He contends that though plaintiff, in her affidavit, alleged that defendant had the ability to pay alimony as ordered by the court, there was no basis in the affidavit to show that plaintiff had personal knowledge of this fact, as required by Rule 56(e), Utah R.Civ.P. As stated by this Court in *DeYonge, supra,* the affidavit serves only to show that a party by his acts or omissions, has violated an order of the court.

In *Thomas v. Thomas, supra,* on which defendant relies, we clearly stated the burdens of the parties to a contempt proceeding:

> It is true as plaintiff contends, that where there is a judgment that a party do an act, such as deliver stock or a deed, which judgment stands unattached, it is presumed that the party has the ability to perform and that a complainant makes a prima facie case of contempt by showing failure to comply with the judgment. But where there is evidence concerning justification for the failure, the ultimate burden of proving that the party charged is in contempt is on the complainant.

569 P.2d at 1121.

It is only after defendant presents evidence of justification for his failure to perform that the burden shifts back to the plaintiff.

■ The same reasoning applies to defendant's third point. Defendant cites cases in which this Court has reversed judgments of contempt for failure of the trial court to make explicit findings that a defendant had the ability to comply with the court's previous order. See *Thomas* and *DeYonge,* both *supra.* But in each of those cases, defendant had presented evidence of inability to perform. Where there is conflicting evidence presented, but no finding is entered by the trial court resolving that conflict, it is difficult for a reviewing court to measure the sufficiency of the evidence which might have determined the issue. In this case, however, defendant refused to present any evidence in justification of his failure to perform. He has thus failed to rebut the presumption that he had the ability to pay alimony as ordered by the court, and the court was not in error in finding defendant in contempt on that basis.

■ Defendant further contends that the judgment for $3,000 in favor of plaintiff should be vacated because he had no notice that a money judgment would be demanded, and had no opportunity to prepare to defend against such a judgment. Installments of support payments ordered in a divorce decree become vested in the recipient when they become due. *Bates v. Bates,* Utah, 560 P.2d 706 (1977); *Larsen v. Larsen,* Utah, 561 P.2d 1077 (1977). The entry of judgment for delinquent alimony or support payments is entered as a means of enforcing the original order, and collecting amounts due. The district court has authority to enter judgments for delinquent support payments under U.C.A., 1953, § 30–3–5(1). Plaintiff's affidavit specifically stated that the alimony payments for May and June were unpaid. Defendant had adequate notice that these payments were at issue, but failed and refused to show anything to the contrary of plaintiff's evidence.

> The burden being upon defendant to establish the amount paid, he must assume the risk of any failure by reason of indefiniteness.

*Openshaw v. Openshaw,* 86 Utah 229, 235, 42 P.2d 191, 193 (1935).

Finally, defendant's argument that the federal bankruptcy statutes deprive the state district court from entering this money judgment for delinquent support payments is without merit. Under 11 U.S.C. Section 523(a), alimony debts are not discharged in bankruptcy and under 11 U.S.C. 362(b) the filing of a petition in bankruptcy does not stay the collection of alimony from property that is not a part of the bankruptcy estate. The record is devoid of any indication that plaintiff has attached property belonging to the bankruptcy estate in execution of this judgment.

The judgment of the district court is affirmed, and the stay of execution of the contempt order previously issued by this Court is hereby vacated.