IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Ken Merena, dba Merena Investments, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No. 20110377-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 19, 2012) |
| Alice Davis, formerly known as Alice | ) | |
| Merena, | ) | 2012 UT App 193 |
| | ) | |
| Defendant and Appellee. | ) | |

-----

Third District, Salt Lake Department, 070915206
The Honorable Denise P. Lindberg

Attorneys:     Loren M. Lambert and David S. Head, Midvale, for Appellant
               William P. Morrison, Salt Lake City, for Appellee

-----

Before Judges Orme, Davis, and Roth.

ORME, Judge:

¶1     Plaintiff appeals the sanctions imposed by the trial court for his multiple discovery violations during the time he acted as his own attorney. Plaintiff concedes that his conduct warranted sanctions but contests the severity of the sanctions imposed. We affirm.

¶2     Initially, we note that it is well established that "[i]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court

has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (brackets, citation, and internal quotation marks omitted). The issue must be timely raised, specifically asserted, and supported by evidence or legal authority. *See id.* This rule exists to afford the trial court an opportunity to correct its own error, if there is one. *See id.* Plaintiff failed to preserve most of his issues in the trial court. Specifically, Plaintiff failed to assert that the sanctions were too harsh, that the deadline imposed for paying his monetary fines was inequitable, or that his right against self-incrimination protected him in a civil contempt proceeding. Accordingly, we decline to reach the merits of these contentions. *See id.* ("Issues that are not raised at trial are usually deemed waived.").

¶3     Substantial monetary sanctions were imposed on Plaintiff by reason of the court's determination that his discovery violations were willful. Plaintiff asserts on appeal that he was unable to pay those amounts by the deadline set by the trial court. He claims that without an evidentiary basis for concluding that he had the ability to pay the amounts imposed by the trial court, it cannot be concluded that his failure to pay was willful. "Ability to pay is a matter of defense and the burden of proof is upon the [sanctioned individual] in the contempt proceeding." *De Yonge v. De Yonge*, 135 P.2d 905, 906 (Utah 1943). *Accord Coleman v. Coleman*, 664 P.2d 1155, 1157 (Utah 1983). Here, Plaintiff had the burden to at least inform the trial court that he was unable to pay his sanctions. *See De Yonge*, 135 P.2d at 906. Plaintiff made no such showing to the court. Indeed, he failed to appear at the Order to Show Cause hearing at which he would have had that opportunity—and instead simply failed to pay and then filed this appeal.

¶4     One last contention of Plaintiff warrants comment. Much of his argument is aimed at getting us to view the monetary sanctions imposed by the trial court as being tantamount to a routine money judgment. Plaintiff wants us to embrace the notion that the trial court became little more than a collection agent for Defendant and thereby overstepped its bounds as a neutral adjudicator. We see the matter differently. When a party is and remains in contempt, the court has every right—if not a duty—to vindicate the court's orders and to systematically and diligently address ongoing violations of those orders. That a result of the court's efforts might be payment of monetary sanctions to Defendant does not change the fact that the court's primary purpose in

enforcing the sanctions it had imposed was to address Plaintiff's contumacious behavior.

¶5    Affirmed.[1]

_____

Gregory K. Orme, Judge

-----

¶6    WE CONCUR:

_____

James Z. Davis, Judge

_____

Stephen L. Roth, Judge

_____

[1]After oral argument, Plaintiff moved to strike certain statements made by Defendant's counsel during his argument that concerned matters outside the record. We disregarded those statements entirely and did not take them into account in reaching our decision.  Accordingly, the motion is denied as moot.